Argued and submitted April 2, ballot title certified as modified May 9, 1996

Bruce ADAMS,
Robert Crumpton, and Alice Dale,
*Petitioners,*

*v.*

Theodore R. KULONGOSKI,
Attorney General, State of Oregon,
*Respondent.*

(SC S43025)

915 P2d 967

Lynn-Marie Crider, Salem, argued the cause for petitioners. With her on the petition was Paul B. Gamson, of Smith, Gamson, Diamond & Olney, Portland.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent. With him on the Answering Memorandum were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

DURHAM, J.

Unis, J., dissented and filed an opinion.

## DURHAM, J.

This is an original proceeding in which petitioners challenge the Attorney General's ballot title for an initiative measure that the Secretary of State has designated as "Elections Division #73." Petitioners are electors who submitted comments about the Attorney General's draft ballot title pursuant to ORS 250.067(1). They may seek a different ballot title in this court. ORS 250.085(2). We modify the ballot title in certain respects and, as modified, certify it to the Secretary of State.

The Appendix to this opinion contains a copy of the proposed measure. In general, the measure would alter existing laws governing the collection and expenditure of dues paid to public employee unions; forbid payment of such dues by payroll deduction; make public officials liable, under specified conditions, for a union's errors in calculating non-member representation payments; and create other changes.

The Attorney General certified the following ballot title to the Secretary of State for the measure:

"RESTRICTS PUBLIC UNION DUES ASSESSMENTS, USES; PROHIBITS DUES PAYROLL DEDUCTIONS

"RESULT OF 'YES' VOTE: 'Yes' vote increases restrictions on public union dues assessments, uses; prohibits payroll deductions of dues.

"RESULT OF 'NO' VOTE: 'No' vote retains current restrictions on public union dues assessments, uses; permits dues payroll deductions.

"SUMMARY: Unions must represent members and non-members in bargaining unit. Currently, public unions may require non-members to share only representation costs, not other union expenses. Measure adopts statute. Prohibits public unions from requiring members to pay dues beyond actual representation costs. Allows member to direct dues paid beyond representation costs as member chooses. Bans union dues payroll deductions. Makes public officials personally liable for representation costs calculating errors, unless officials voted against agreement. Limits agreements with fair share, union security clauses to 2 years."

Pursuant to ORS 250.085(5), this court reviews the Attorney General's certified ballot title for substantial compliance with ORS 250.035, which provides in part:

"(2)   The ballot title of any state measure to be initiated or referred shall consist of:

"(a)   A caption of not more than 10 words that reasonably identifies the subject matter of the state measure. The caption of an initiative or referendum amendment to the constitution shall begin with the phrase, 'Amends Constitution,' which shall not be counted for purposes of the 10-word caption limit;

"(b)   A simple and understandable statement of not more than 15 words that describes the result if the state measure is approved. The statement required by this paragraph shall include either the phrase, 'I vote' or 'vote yes,' or a substantially similar phrase, which may be placed at any point within the statement;

"(c)   A simple and understandable statement of not more than 15 words that describes the result if the state measure is rejected. The statement required by this paragraph shall include either the phrase, 'I vote' or 'vote no,' or a substantially similar phrase, which may be placed at any point within the statement; and

"(d)   A concise and impartial statement of not more than 85 words summarizing the measure and its major effect."

We have considered petitioners' challenges to the Attorney General's caption and conclude that only one of them merits discussion. Petitioners contend that the phrase "public union" is confusing and potentially misleading, because that phrase is not a common name for public employee (or "public sector") unions, does not appear in the measure, and may lead voters to assume, incorrectly, that the affected unions are governmental entities. The Attorney General responds that the 10-word limitation in ORS 250.035-(2)(a) and the need to refer to other significant effects caused him to use the phrase "public union." He also asserts that that phrase, read in the context of this ballot title, is not misleading or confusing.

■      We believe that petitioners' argument is well taken. The phrase "public union" is not a common reference for a public employee union and may mislead voters into believing that the affected unions are public entities. However, the affected entities are voluntary private associations that are "public" only in the sense that they represent public employees. The phrase "public union" is not a part of the measure's text or, to our knowledge, of any federal or state statute or rule. Finally, we do not agree that the 10-word limit *compels* use of the phrase "public union." We conclude that the Attorney General's proposed caption does not comply substantially with ORS 250.035(2)(a) and requires modification.

We can eliminate the risk of confusion posed by the phrase "public union" and still convey, within the 10-word limit, the significant effects of the measure expressed in the Attorney General's ballot title. Accordingly, we modify the Attorney General's caption, as follows:

PUBLIC EMPLOYEE UNION DUES—
ASSESSMENTS,USES RESTRICTED;
PAYROLL DEDUCTION PROHIBITED

Petitioners similarly contend that the Attorney General's certified result statements are deficient, because they use the misleading phrase "public union." Petitioners also claim that the suggestion in the result statements that the measure would increase current restrictions on public employee union dues assessments and uses is incorrect and confuses the legal distinction between membership dues and non-member payments, in lieu of dues, for representation costs.

■      The Attorney General defends his use of the phrase "public union" in the result statements with the same arguments described above in connection with the caption. For the reasons that we modified that phrase in the caption, we also modify it in the result statements.

The Attorney General also defends his description of the effect of the measure on union dues assessments and uses. He contends that the Public Employee Collective Bargaining Act (PECBA), ORS 243.650 to 243.782, incorporates federal constitutional rules articulated in *Chicago Teachers*

*Union v. Hudson*, 475 US 292, 106 S Ct 1066, 89 L Ed 2d 232 (1986), and *Abood v. Detroit Board of Education*, 431 US 209, 222, 97 S Ct 1782, 52 L Ed 2d 261 (1977), in regard to collection from non-union employees of their share of union representation costs. *See Elvin v. OPEU*, 313 Or 165, 832 P2d 36 (1992) (affirming application of *Chicago Teachers* rule under PECBA to non-union employees). Relying on that federal constitutional rule, the Attorney General argues:

> "[P]ublic employee unions already are restricted in assessing and using union dues. They cannot assess union dues from bargaining unit members who do not wish to join the union, and they must keep an accurate audit track of union dues expenditures in order to ensure that non-members are not assessed payments beyond actual representation costs. * * *
>
> "* * * The measure does not [forbid a public sector union from setting member dues and spending its money to further organizational goals] * * *, because a union will still be able to set the level of voluntary payments to the union and spend that money as the union sees fit."

Those arguments are unresponsive to petitioners' contentions. They do not justify use of the phrases "increases restrictions" in the "yes" vote result statement and "retains current restrictions" in the "no" vote result statement. The present result statements, when read together, suggest inaccurately that current law restricts the assessment and use of union *dues* and that the measure merely increases those restrictions. However, the federal constitutional rules discussed in *Chicago Teachers* and *Abood*, on which the Attorney General relies, restrict the assessment, accounting, and use of non-union member representation costs, not union membership dues. There is a difference in the nature of those payments. The Attorney General does not identify any law that currently restricts union dues assessment and use.

We conclude that the measure would impose new restrictions, not increase current restrictions, on public employee union dues administration. Moreover, a rejection of the measure would not retain current restrictions on dues administration, because no current restrictions exist. Instead, a public employee union would retain its present unrestricted authority to assess and use union dues. For

those reasons, the Attorney General's certified result statements do not comply substantially with ORS 250.035(2)(b) and (c). *See Fred Meyer, Inc. v. Roberts*, 308 Or 169, 174, 777 P2d 406 (1989) (ballot title should not misstate existing law, either directly or by implication). In accordance with the discussion above, we modify the result statements as follows:

RESULT OF "YES" VOTE:   "Yes" vote imposes restrictions on public employee union dues assessments, uses; prohibits dues payroll deductions.

RESULT OF "NO" VOTE:   "No" vote retains public employee union's authority to assess, use dues; permits dues payroll deductions.

■ Finally, petitioners challenge the Attorney General's certified summary. First, they contend that the first sentence fails to disclose that it describes current law. They argue that, as a result, and due in part to the phrasing of the second sentence, the first sentence misleads the voter to believe that it describes a change that the measure would create. The Attorney General disagrees, but offers alternative wording to cure the problem that petitioners raise. We accept both petitioners' argument on this issue and, as we state below, the Attorney General's suggested modification of the summary.

Second, petitioners attack the Attorney General's fourth sentence, claiming that, in context, it fails to describe the relevant aspects of current law. We do not agree that petitioners' criticism, standing alone, demonstrates that the Attorney General's fourth sentence is inaccurate or misleading.

Petitioners contend that the Attorney General's fifth sentence is confusing and inaccurate. It states: "Allows member to direct dues paid beyond representation costs as member chooses." That is not accurate. Section 4(i) of the measure would allow a member to *withhold* payments "used for political and other non-representation purposes including lobbying." However, the measure creates a more limited power to *direct* payments of dues. Under section 4(ii) of the measure, the power to redirect payments would apply only to the pro rata portion of dues used for "political" purposes, not the portion used for "other non-representation purposes." The power to redirect payments does not apply to all dues paid beyond

representation costs, as the Attorney General's fifth sentence states. That sentence, therefore, requires modification.

Finally, petitioners object to the use of the phrase "public union" in the summary. We agree for the reasons stated above in our discussion of the caption.

The Attorney General offers alternative wording that addresses several of petitioners' criticisms of the certified summary. We agree that the Attorney General's alternative summary would eliminate the deficiencies in the certified summary that we noted above. Accordingly, we modify the summary as follows:

SUMMARY: Adopts statute. Currently, unions must represent members and non-members, and public employee unions may require non-members to share only representation costs, not other expenses. Measure would prohibit public employee unions from requiring members to pay dues beyond actual representation costs. Allows member to direct political portion of dues paid as member chooses. Bans union dues payroll deductions. Makes public officials personally liable for representation costs calculating errors, unless officials voted against agreement. Limits agreements with fair share, union security clauses to 2 years.

We modify the Attorney General's certified ballot title, and certify to the Secretary of State the following ballot title:

PUBLIC EMPLOYEE UNION DUES—
ASSESSMENTS, USES RESTRICTED;
PAYROLL DEDUCTION PROHIBITED

RESULT OF "YES" VOTE: "Yes" vote imposes restrictions on public employee union dues assessments, uses; prohibits dues payroll deductions.

RESULT OF "NO" VOTE: "No" vote retains public employee union's authority to assess, use dues; permits dues payroll deductions.

SUMMARY: Adopts statute. Currently, unions must represent members and non-members, and public employee unions may require non-members to share only representation costs, not other expenses. Measure would prohibit public employee unions from requiring members to pay

dues beyond actual representation costs. Allows member to direct political portion of dues paid as member chooses. Bans union dues payroll deductions. Makes public officials personally liable for representation costs calculating errors, unless officials voted against agreement. Limits agreements with fair share, union security clauses to 2 years.

Ballot title certified as modified. This decision takes effect as provided in ORAP 11.30(10).

# APPENDIX

AN ACT

WHEREAS public funds should not be expended for the collection of campaig, funds for political organizations; and

WHEREAS public sector labor organizations involved in political action should collect their own funds from willing supporters without the use of government assistance or coercion;

So as to maintain and preserve the voluntary nature of union and non-union public employees' political contributions;

Be it Enacted by the People of the State of Oregon:

The following shall be appropriately numbered and added to the Oregon Revised Statutes:

Notwithstanding any other statute, resolution, rule or ordinance,

Section 1. No public employer shall in any manner or by any means deduct from a public employee's paycheck: Union dues, fees, assessments, payments in lieu of dues, or any other moneys payable for any reason to a union, employee association, or similar organization.

Section 2. Union and non-union public employees who are represented by a public employee union, association or similar organization shall not be required to pay money to same in an amount greater than the actual cost of representation.

Section 3. The amount of the representation fee shall be determined by audit, and where applicable, there shall be no local union presumption. The public employer shall be liable for the accuracy of the amount of the representation fee, and shall not indemnify an elected official against personal liability if the amount charged a non-union employee exceeds the actual cost of representation; except a public official, who on the final vote on a contract including a fair share agreement, union security clause or similar provision, voted "No," shall not be personally liable for the accuracy of the amount of the representation fee charged to an employee subject to the agreement.

Section 4. A public employee who is in any way required to pay money to a public employee union, association, or similar organization, or voluntarily chooses to do so, may (i) elect not to pay the portion of dues, fees, assessments, or other payments, which would be used for political and other non-representation purposes including lobbying, or (ii) specify the political party, candidate(s) or committee(s) to which the political portion of the employee's dues, fees, assessments or other moneys shall be paid, which designation shall be binding upon the union, association, or similar organization, which immediately shall carry out such instruction(s), and at no charge to the employee or recipient other than the actual cost of disbursing the funds, make the contribution(s) in the name of the employee.

Section 5. If any part or parts of this Act is held to be invalid when applied to a public employer or public employee who is obligated otherwise under a public sector collective bargaining contract in existence at the time of implementation of this Act; or to a public employee who is a member of a public employee union, association, or similar organization at the time of implementation of this Act, the requirements and restrictions set forth in this Act shall be of full force and effect for such a employer and employee when their pre-existing contract expires, and shall be of full force and effect for public employees hired on or after implementation of this Act.

Section 6. A public employee may resign from union membership at any time, and if a fair share agreement is in effect in the employee's bargaining unit, immediately pay a reduced fee.

Section 7. Each public employee shall be notified in writing of his or her rights under this Act, and notice of same shall be prominently displayed in the workplace.

Section 8. Public sector collective bargaining contracts containing fair share agreements, union security clauses or a similar provision shall not exceed two years in length, including any extensions thereto.

Section 9. SEVERABILITY. These sections shall supersede any other provisions of the Oregon Revised Statutes with which they conflict. If any phrase, clause or part of this Act is held to be invalid, the remaining phrases, clauses and parts shall remain in full force and effect.

**UNIS, J.,** dissenting.

I adhere to my view that, to the extent that ORS 250.085(5) (1995) gives this court jurisdiction to draft and certify a ballot title for a proposed initiative measure that is different than the one certified by the Attorney General, that statute violates the principle of separation of powers embodied in Article III, section I, of the Oregon Constitution. *Rooney v. Kulongoski (Elections Dvision #13)*, 322 Or 15, 55, 902 P2d 1143 (1995) (Unis, J., dissenting). I would, therefore, dismiss this case for lack of jurisdiction.