Argued and submitted February 25, ballot title certified as modified April 10, 1997

Michael PHILLIPS
and Ross Shepard,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*
(SC S43932)
936 P2d 964

Shaun S. McCrea, of McCrea, P.C., Eugene, argued the cause and filed the petition for petitioners.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Graber, and Durham, Justices.*

GRABER, J.

Van Hoomissen, J., filed a dissenting opinion.

* Fadeley and Kulongoski, JJ., did not participate in the consideration or decision of this case.

## GRABER, J.

This is an original proceeding in which petitioners challenge the Attorney General's ballot title for a proposed initiative measure. Petitioners are electors who, in a timely manner and pursuant to ORS 250.067(1), submitted written comments about the Attorney General's draft ballot title. Accordingly, they are entitled to seek a different title in this court. ORS 250.085(2). We modify the Attorney General's ballot title and certify it as modified.

The proposed initiative measure would add the following text to the Judicial Department article of the Oregon Constitution:[1]

"(B)  The Supreme Court and Appellate Court positions, including all current positions, shall be filled by election, including any position that becomes vacant during the term of office.

"(C)  Notwithstanding subsection (A) above [current Article VII (Amended), Section 1], the governor may, in a manner provided by law, appoint a person to fill a vacant Supreme court or Appellate court position provided that no person shall serve more than six months without an election. A Supreme court or appellate court judge sitting by gubernatorial appointment may not be a candidate in such election.

"(D)  No law or rule shall limit freedom of speech by candidates for judicial office, including incumbent judges. Freedom of speech shall include, but not be limited to the right to express views on judicial issues and the performance of judicial duties.

"(E)  No designation of incumbency or reference to judicial position shall be permitted on the ballot for any judicial office.

"(F)  When any incumbent judge or candidate that [sic] has no opposition, voters shall be given a choice as to

---

[1] The proposed measure states that it intends to amend "Section 1, Article VII," of the Oregon Constitution. However, Article VII (Amended) supplanted Article VII as the constitutional article on the judicial department, and the text that the proposed measure uses as the existing text of "Section 1, Article VII," which the proposed measure labels as subsection (A), is the text of Article VII (Amended), Section 1.

whether they wish that judge or candidate to serve the term. The choice shall be clearly stated on the ballot next to candidate or incumbent judge's name.

"(G)    Any incumbent judge or candidate without opposition in an election shall not be retained in office for an additional term unless he or she receives a majority of the votes cast for that judicial position, and ballots for such elections shall clearly so state.

"(H)    Judicial position means all District, Circuit, Appellate, and Supreme Court positions. Subsection (D), (E), (F), and (G) above apply to all judicial positions. Subsection (B) and (C) only apply to Supreme Court and Appellate Court positions.

"(I) .   These sections shall supersede any other provision of the Oregon Revised Statues [sic] with which they conflict. If any subsection, clause, or part of these sections is held invalid under the United States Constitution, or Oregon Constitution as to any person, or circumstance by any court of competent jurisdiction, the remaining subsections, clauses and part shall not be affected and shall remain in full force and effect.

"(J)    Should any person bring a civil action to enforce any provision of this section the prevailing party shall be awarded reasonable attorney fees and costs in such action."

For that measure, the Attorney General certified the following ballot title to the Secretary of State:     .

"AMENDS CONSTITUTION:    CHANGES JUDICIAL ELECTION PROCESS; EXPANDS JUDICIAL CANDIDATES' CAMPAIGN SPEECH RIGHTS

"RESULT OF 'YES' VOTE:    'Yes' vote changes judicial election process, limits appellate judicial appointments, expands judicial candidates' speech rights.

"RESULT OF 'NO' VOTE:    'No' vote retains existing process for electing, appointing judges, existing speech rights of judicial candidates.

"SUMMARY:    Amends Constitution. Currently, judges are elected for 6-year terms, governor fills vacancies by appointment; appointment lasts until next general election, and appointee may run for full term. Measure limits appellate judicial appointments to six months, bars appointees

from running for election. Allows judicial candidates to express views on performance of judicial duties, personally solicit campaign contributions, thus overriding current limits on judicial candidates' speech. Ballot may not identify judicial candidate as incumbent. Unopposed judicial candidates must receive majority vote to win election. Other changes."

Petitioners challenge each portion of the Attorney General's certified ballot title. Pursuant to ORS 250.085(5), we review that title for substantial compliance with the requirements of ORS 250.035.

## CAPTION

ORS 250.035(2)(a) requires a "caption of not more than 10 words that reasonably identifies the subject matter of the state measure." Petitioners assert that the Attorney General's Caption is "misleading and inaccurate" and specifically challenge the use of the phrase "EXPANDS JUDICIAL CANDIDATES' CAMPAIGN SPEECH RIGHTS." They contend that, by including that phrase, the Attorney General's Caption fails to convey "the breadth of the subject matter of the measure," that the Caption fails to identify the status quo, and that the wording used is "argumentative."[2]

■ The Attorney General asserts that petitioners failed to preserve an argument that they emphasized during oral argument: that the Caption must be more general, because to select "EXPANDS JUDICIAL CANDIDATES' CAMPAIGN SPEECH RIGHTS" from among the topics covered by the proposed measure gives that one aspect of the measure undue emphasis, thereby making the Caption as a whole misleading. ORS 250.085(6) provides that this court "shall not consider arguments concerning the ballot title not presented in writing to the Secretary of State" unless the argument relates to a change made in the ballot title after expiration of the comment period. The phrase to which petitioners object was not changed after expiration of the comment period, but we disagree with the Attorney General's

---

[2] Petitioner Shepard also argues that the proposed measure "revises," rather than "amends," the Oregon Constitution and that the proposed measure contains more than one subject. Those contentions are beyond the scope of this court's review under ORS 250.085(2).

assertion that petitioners are foreclosed from making the argument described above.

The comments of petitioner Phillips to the Secretary of State said, among other things, that the final phrase in the Caption failed to "track the structure of the measure" and that the measure would make "profound changes * * * in the judicial selection process" as a whole. The comments of petitioner Shepard emphasized the contention that the proposed measure incorporates several subjects[3] or, in the alternative, that the proposed measure "proposes a fundamental change to and diminution of the powers of the judicial branch of government." Those comments were sufficient to raise the issue of how general the Caption must be to satisfy the statutory requirement to "reasonably identif[y] the subject matter" of the proposed measure. ORS 250.035(2)(a).

■ Turning to that issue, we conclude that the Attorney General's Caption fails to comply substantially with the foregoing statutory requirement, because it gives undue attention to one aspect of the proposed measure at the expense of a full description of the general subject of the measure. The proposed measure affects *appointments* to some judicial offices, as well as all *elections* for judicial office. By choosing to emphasize one of the many significant changes that the measure would make in the process of judicial *elections*, the Attorney General ran out of words to say anything about the subject of judicial appointments. The combination of highlighting one among many changes and omitting altogether coverage of part of the subject matter of the measure makes the Attorney General's Caption inadequate under the statutory standard.

Accordingly, we modify the Caption as follows:

AMENDS CONSTITUTION: CHANGES PROCESS OF
ELECTING JUDGES; LIMITS APPOINTED
APPELLATE JUDGES' SERVICE

---

[3] ORS 250.035(2)(a) requires the court to identify "the subject matter" of a state measure in order to perform its review function under ORS 250.085(2). That statutory exercise has no bearing on a contention that a measure, if enacted, violates the state constitutional requirement that an initiated measure contain one subject only.

## RESULT STATEMENTS

■     ORS 250.035(2)(b) and (c) require a "simple and understandable statement of not more than 15 words that describes the result if the state measure is approved" and a "simple and understandable statement of not more than 15 words that describes the result if the state measure is rejected." Those statements "shall be written so that, to the extent practical, the language of the two statements is parallel." ORS 250.035(3).

Petitioners argue that the "yes" Result Statement "fails to inform potential signers of the measure [*sic*] that the chief purpose of the initiative is to curtail independent judicial decision making" in a variety of ways. That argument is unpersuasive.

The "purpose" of the measure is not what a Result Statement is required to convey.[4] Rather, the "yes" statement must describe "the result" of enactment.

■     However, it has been this court's practice to make conforming changes to the Result Statements when modifying a Caption. *See, e.g., Adams v. Kulongoski*, 323 Or 253, 257, 915 P2d 967 (1996) (illustrating principle). We shall do so in this case and, accordingly, modify the Result Statements as follows:

RESULT OF "YES" VOTE:   A "yes" vote changes the process of electing judges and limits appointed appellate judges' service.

RESULT OF "NO" VOTE:   A "no" vote retains existing process of electing judges, existing service by appointed appellate judges.

## SUMMARY

ORS 250.035(2)(d) requires a "concise and impartial statement of not more than 85 words summarizing the measure and its major effect."

---

[4] Before the 1995 amendments, ORS 250.035(1)(b) (1993) required in part that a ballot title contain a "question * * * which plainly phrases the chief purpose of the measure."

■ Petitioners assert that the Summary is misleading, because it places the most important provisions in the center of the summary, while it places less significant provisions first and last, thereby emphasizing the less significant provisions. Assuming that petitioners correctly identify the relative importance of the various provisions in the measure, we disagree that the order of presentation causes the present Summary to lack substantial compliance with the statutory requirement.

■ Petitioners also contend that the Summary fails to inform the voters of the scope of the proposed measure by failing to give information about the present law and that the "better course" would be to include a reference to current ethics rules, promulgated by this court, which restrict what candidates may say during campaigns for judicial office. We are not persuaded. Assuming that petitioners' proposed Summary is better, that alone does not demonstrate that the Attorney General's Summary fails to comply substantially with the statutory requirement. Additionally, the Attorney General's Summary does signal that the proposed measure would change present law, when it states that certain provisions would "overrid[e] current limits on judicial candidates' speech." The absence of a specific reference to ethics rules or to this court's authority does not render the Summary inadequate.

We conclude that the Summary complies substantially with the statutory requirements.

In accordance with the foregoing discussion, we modify the Attorney General's ballot title and certify to the Secretary of State the following ballot title:

AMENDS CONSTITUTION: CHANGES PROCESS OF
ELECTING JUDGES; LIMITS APPOINTED
APPELLATE JUDGES' SERVICE

RESULT OF "YES" VOTE: A "yes" vote changes the process of electing judges and limits appointed appellate judges' service.

RESULT OF "NO" VOTE: A "no" vote retains existing process of electing judges, existing service by appointed appellate judges.

SUMMARY: Amends Constitution. Currently, judges are elected for 6-year terms, governor fills vacancies by appointment; appointment lasts until next general election, and appointee may run for full term. Measure limits appellate judicial appointments to six months, bars appointees from running for election. Allows judicial candidates to express views on performance of judicial duties, personally solicit campaign contributions, thus overriding current limits on judicial candidates' speech. Ballot may not identify judicial candidate as incumbent. Unopposed judicial candidates must receive majority vote to win election. Other changes.

Ballot title certified as modified. This decision shall become effective in accordance with ORAP 11.30(10).

**VAN HOOMISSEN, J.,** dissenting.

I respectfully dissent. In my view, the Attorney General's certified ballot title substantially complies with the requirements of ORS 250.035. ORS 250.085(5).