Argued and submitted November 18, ballot title certified as modified
December 18, 1997

Karen L. GARST,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent,*

*and*

Charlotte DeMOSS,
*Intervenor.*

(SC S44621)

951 P2d 142

George A. Riemer, General Counsel, Oregon State Bar, Lake Oswego, argued the cause and filed the petition for petitioner.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause and filed the Answering Memorandum for respondent. With him on the memorandum were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Charlotte DeMoss, Intervenor, argued the cause and filed a brief *pro se*.

DURHAM, J.

## DURHAM, J.

In this original proceeding, petitioner challenges the ballot title for a proposed initiative measure. Petitioner is an elector who, in a timely manner, submitted written comments about the Attorney General's draft ballot title pursuant to ORS 250.067(1). Accordingly, petitioner is entitled to seek a different title in this court. ORS 250.085(2). We modify the ballot title and, as modified, certify it to the Secretary of State.

**1.** The Attorney General certified the following ballot title for the measure:

"AMENDS CONSTITUTION: CREATES OREGON
JUDICIAL COUNCIL TO REGULATE, DISCIPLINE
JUDGES AND LAWYERS

"RESULT OF 'YES' VOTE: 'Yes' vote creates Oregon Judicial Council, composed of nonlawyers, to regulate and discipline judges, lawyers.

"RESULT OF 'NO' VOTE: 'No' vote retains system of regulation by Supreme Court, State Bar, and Judicial Fitness Commission.

"SUMMARY: Amends Constitution. Currently, Supreme Court oversees regulation and discipline of lawyers by State Bar, judges by Judicial Fitness Commission. Measure creates Oregon Judicial Council as exclusive body to do so. Council would consist of ten elected nonlawyer members. Council would regulate, investigate and discipline judges and lawyers. Council could submit investigatory information to enforcement agencies where criminal activity may be involved, and could authorize formation of special grand jury to review complaints about judge, lawyer. Post-investigation Council meetings, records would be public. Requires implementing legislation."

In this proceeding, petitioner challenges each part of the Attorney General's ballot title. This court reviews the ballot title for substantial compliance with the requirements of ORS 250.035. ORS 250.085(5).

## THE CAPTION

ORS 250.035(2)(a) requires a ballot title caption of not more than 10 words that "reasonably identifies the subject" of the measure. Petitioner argues that the Attorney General's caption incorrectly focuses on the fact that the measure would "create" an Oregon Judicial Council. She contends that the true subject of the measure is the replacement of the Oregon Supreme Court and other existing regulatory agencies with a new council that would possess *exclusive* jurisdiction over professional regulation of lawyers and judges. She proposes the following ballot title caption:

"AMENDS CONSTITUTION: JUDICIAL COUNCIL REPLACES SUPREME COURT, AGENCIES TO PERFORM LISTED DUTIES"

The Attorney General argues that his caption correctly focuses on the "creation" of a new council. He also criticizes petitioner's proposed caption because it fails to inform the voters of the new council's functions, and argues that telling the voters that the new council would "replace" this court in performing "listed duties" could mislead them into believing erroneously that the council would supplant this court in its entire constitutional role.

We agree with parts of each party's argument. Petitioner is correct that the Attorney General's caption fails to advise the voters that the new council would replace this court as the final authority in the regulation of lawyers and judges. That is the main subject of the measure. The Attorney General's caption captures part of that subject—the "creation" of the new council—but fails to convey the measure's full subject, as described above. *See Phillips v. Myers*, 325 Or 221, 226, 936 P2d 964 (1997) (Caption was subject to modification because it gave "undue attention to one aspect of the proposed measure at the expense of a full description of the general subject of the measure."). As a result, the Attorney General's ballot title does not comply substantially with ORS 250.035(2)(a).

The Attorney General is correct in that a brief description of the new council's chief functions is more helpful to the voters than the phrase "listed duties." We conclude

that the caption can convey the measure's subject, including the new council's principal duties, within the statutory word limit. Accordingly, we modify the caption, as follows:

AMENDS CONSTITUTION: NEW COUNCIL REPLACES SUPREME COURT IN REGULATING, DISCIPLINING JUDGES, LAWYERS

## RESULT STATEMENTS

■ ORS 250.035(2)(b) and (c) require that a ballot title include two "simple and understandable" statements, not exceeding 15 words each, that describe the result of approval or rejection of the measure. In *Phillips*, 325 Or at 227, this court said that "it has been the court's practice to make conforming changes to the Result Statements when modifying a Caption." Relying on *Phillips*, petitioner urges that we make conforming changes to the result statements here. The Attorney General's "yes" vote result statement suffers from the same defect that this court corrected in modifying the caption. Unless the court modifies that statement to eliminate the defect, the Attorney General's "yes" vote result statement will not comply substantially with ORS 250.035(2)(b). The Attorney General's "no" vote result statement requires no modification.

Accordingly, we modify the "yes" vote result statement, as follows:

RESULT OF "YES" VOTE: "Yes" vote creates new council to replace Supreme Court, agencies in regulating, disciplining judges, lawyers.

## SUMMARY

ORS 250.035(2)(d) requires that a ballot title include a "concise and impartial statement of not more than 85 words summarizing the measure and its major effect." Petitioner argues that the Attorney General's summary improperly fails to mention that, under section (1)(c)(4)of the measure, the new council would acquire

"exclusive power and jurisdiction to:

"* * * * *

"(4)   Ensure 'due process, equal protection and equal treatment under the law,' and that integrity and truth prevail at all times in the judicial system."

Petitioner emphasizes that some disclosure of that new authority is necessary because, under section (1)(a) of the measure, the new council's authority would "supersede" the duties of this court, the Oregon Judicial Fitness and Disability Commission (hereinafter the Commission), and the Oregon State Bar (hereinafter the Bar) in the enforcement of the significant constitutional rights mentioned in section (1)(c)(4).

The Attorney General responds that he omitted a reference in the summary to the subject of petitioner's objection in order to make room for the statement that the "[c]ouncil could submit investigatory information to enforcement agencies where criminal activity may be involved." He also argues that the meaning of section (1)(c)(4) is not clear.

■      We agree that we must change the summary to conform it to the changes made to the caption and "yes" vote result statement, as discussed above. The first sentence of the Attorney General's summary correctly states that this court "oversees regulation and discipline of lawyers by State Bar, judges by Judicial Fitness Commission." The second sentence states: "Measure creates Oregon Judicial Council as exclusive body to do so." In this context, the term "exclusive" in the latter sentence fails to notify the reader that the new council will *replace* this court, the Commission, and the Bar in the regulation and discipline of judges and lawyers. Instead, the second sentence creates an ambiguity; it suggests erroneously that the new council will perform this court's current oversight function over the Commission and the Bar. Unless the summary is changed to conform to the change made in the caption and "yes" vote result statements, it will not comply substantially with ORS 250.035(2)(d).

The question whether to describe in the summary the new council's exclusive power under sections (1)(a) and (c)(4) of the measure is more problematic. In other ballot title cases, this court has required a disclosure in the summary of a measure's major effects on existing state constitutional rights and on the authority of this court to interpret the

Oregon Constitution. *See Ransom v. Roberts*, 309 Or 654, 664, 791 P2d 489 (1990):

> "Something must be said about the effect the measure's passage would have on existing state constitutional rights, and on the power of this state's courts to independently interpret the Oregon Constitution. These are important components of the measure which should be mentioned in the Summary if that can be done within the 85-word limit imposed by ORS 250.035(1)(c)."

In *Ransom*, the court concluded that the ballot measure proposed a number of serious changes in state constitutional law and in this court's authority in the interpretation of the state constitution. By contrast, the measure in question here communicates little or nothing about either the meaning that underlies its reference to the new council's "exclusive jurisdiction" under section (1)(c)(4) or the statement in section 1(a) that the duties of the new council will "supersede" those of this court and two state agencies.

Our difficulty in responding to petitioner's argument is not alleviated by the Attorney General's choice to refer to the new council's relatively innocuous authority to disclose criminal activity to law enforcement agencies, instead of describing the measure's potential effect on Oregon's current system for enforcing constitutional rights. The Attorney General's reference to the disclosure of criminal activity adds little to the voters' information about the measure's major effects. Under most administrative investigatory schemes, governmental agencies ordinarily possess implied, if not express, authority to disclose to law enforcement agencies any criminal activity that comes to their attention during official investigations. However, the Attorney General's choice nonetheless appears to be a reasonable one here, especially in view of the peculiar difficulty that he would face if he were to undertake to summarize more fully the effects of the measure—whatever they are—on Oregon's system for enforcing constitutional rights.

After considering the parties' competing arguments, we agree with the Attorney General that his decision not to describe in the summary the matters mentioned in sections (1)(a) and (c)(4) of the measure does not cause the summary

to fall short under ORS 250.035(2)(d). We are unable to determine, from an examination of the broad terminology that appears in the cited sections of the measure, whether those sections refer to a major effect of the measure and, if so, what that effect might be. Moreover, we are not persuaded that the complex subject of those sections could be summarized "concisely" within the 85-word limit, as required by ORS 250.035(2)(d), without deleting one or more necessary references in the summary to other major effects of the measure.

The Attorney General has disclosed in the summary "those major effects of the measure that are discernible without an exercise in pure conjecture." *Ascher v. Kulongoski (Elections Division #46)*, 322 Or 516, 523, 909 P2d 1216 (1996). Under the statutory standard of review that applies in this context, ORS 250.085(5), the Attorney General's choice is permissible.

■ We already have concluded that we must modify the summary in order to convey accurately the measure's general subject, as discussed above in connection with the caption and "yes" vote result statement. In doing so, we will combine several phrases in the Attorney General's summary in a way that will not otherwise affect the substance of the certified summary.

Accordingly, we modify the summary as follows:

SUMMARY: Amends Constitution. Currently, Supreme Court oversees regulation and discipline of lawyers by State Bar, judges by Judicial Fitness Commission. Measure replaces Supreme Court, State Bar, and Judicial Fitness Commission with new Council to regulate, investigate, and discipline judges, lawyers. Council would consist of ten elected nonlawyer members. Council could submit investigatory information to enforcement agencies where criminal activity may be involved, could authorize formation of special grand jury to review complaints about judges, lawyers. Post-investigation Council meetings, records would be public. Requires implementing legislation.

In the light of the foregoing discussion, we modify the Attorney General's ballot title, and certify the following ballot title to the Secretary of State:

## AMENDS CONSTITUTION: NEW COUNCIL REPLACES SUPREME COURT IN REGULATING, DISCIPLINING JUDGES, LAWYERS

RESULT OF "YES" VOTE: "Yes" vote creates new council to replace Supreme Court, agencies in regulating, disciplining judges, lawyers.

RESULT OF "NO" VOTE: "No" vote retains system of regulation by Supreme Court, State Bar, and Judicial Fitness Commission.

SUMMARY: Amends Constitution. Currently, Supreme Court oversees regulation and discipline of lawyers by State Bar, judges by Judicial Fitness Commission. Measure replaces Supreme Court, State Bar, and Judicial Fitness Commission with new Council to regulate, investigate, and discipline judges, lawyers. Council would consist of ten elected nonlawyer members. Council could submit investigatory information to enforcement agencies where criminal activity may be involved, could authorize formation of special grand jury to review complaints about judges, lawyers. Post-investigation Council meetings, records would be public. Requires implementing legislation.

Ballot title certified as modified. This decision shall become effective in accordance with ORAP 11.30(10).