Argued and submitted November 9, ballot title certified as modified
December 16, 1999

# Ray WILKESON
## and Ralph Saperstein,
### *Petitioners,*

*v.*

## Hardy MYERS,
## Attorney General
## of the State of Oregon,
### *Respondent,*

*and*

# AMERICAN FOREST AND PAPER ASSOCIATION
## and Gary Kutcher,
### *Intervenors.*

(SC S46842)

992 P2d 456

John A. DiLorenzo, Jr., of Hagen, Dye, Hirschy & Dilorenzo, P.C., Portland, argued the cause and filed the petition for petitioner.

Jas. Jeffrey Adams, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Douglas Quirk, P.C., Eugene, argued the cause and filed the response for intervenor Gary Kutcher.

Jay W. Beattie, of Lindsay, Hart, Neil & Weigler, LLP, Portland, filed a brief for intervenor American Forest and Paper Association. With him on the brief was Paul S. Cosgrove.

LEESON, J.

## LEESON, J.

This is an original proceeding to review a ballot title for a proposed state initiative measure. Petitioners are electors who timely filed written comments on the Attorney General's draft ballot title, and, therefore, they are entitled to challenge the ballot title as certified by the Attorney General. ORS 250.085(2).

Our task is to determine whether the Attorney General's certified ballot title complies substantially with the statutory requirements set out in ORS 250.035(2). *See* ORS 250.085(5) (setting standard of review). For the reasons that follow, we modify the Attorney General's ballot title and certify the modified title to the Secretary of State.

The proposed initiative measure would amend the Oregon Forest Practices Act. ORS 527.610 *et seq*. The measure requires the practice of "sustainable forestry" on state and private land. In particular, the measure makes it unlawful to cut trees greater than 30 inches in diameter at breast height. The measure also limits the use of weed and pest controls to those controls that appear on "the most recent Organic materials and practices list established by the Director of Agriculture under ORS 616.426." One year after enactment of the measure, the Oregon Board of Forestry (Board) must prescribe new timber harvesting methods called "Sustainable Forest Practices" that meet specific criteria listed in the measure, including the use of "Sustainable Timber Harvest Practices." The measure defines "Sustainable Timber Harvest Practices." The definition sets specific restrictions on timber harvesting, including different practices for "western Oregon" and "eastern Oregon" harvest units. Until the Board prescribes a list of lawful timber harvesting methods called "Sustainable Forest Practices," all timber harvest operations on state and private land must conform with "Sustainable Timber Harvest Practices" as defined in the measure. No timber harvest operations in the state will be allowed without the "filing of a notice and written plan with the Oregon Department of Forestry."

The measure creates an exemption from the above requirements for timberland owners who own a total of 160

acres or less of forest land in the state, and it authorizes Oregon residents to enforce the provisions of the measure by filing an action in state court.

The Attorney General certified the following ballot title to the Secretary of State:

"REQUIRES SUSTAINABLE FORESTRY PRACTICES, OTHER RESTRICTIONS, ON STATE, PRIVATE LANDS

"RESULT OF 'YES' VOTE: 'Yes' vote requires sustainable forestry practices, other timber harvest restrictions, on state and private lands.

"RESULT OF 'NO' VOTE: 'No' vote retains current statutes, rules, governing forestry, timber harvest practices on state, private lands.

"SUMMARY: Supplements, replaces current statutes. Measure requires sustainable forestry practices on state, private forest lands, including: leaving minimum number of trees per acre, harvesting only trees within designated size range. Requires wildlife habitat preservation. Prohibits on-site slash burning, use of non-organic herbicides, pesticides. Requires filing of timber harvesting, thinning plans. Requires forestry board to adopt new restrictions. Allows board to exempt lots 160 acres or smaller on showing of undue economic hardship, if no taking of endangered, threatened wildlife species. Authorizes citizens lawsuits. Other provisions."

Petitioners challenge the caption, the "yes" result statement, and the summary of the Attorney General's certified ballot title.[1]

■ A ballot title must contain a "caption of not more than 10 words that reasonably identifies the subject matter of the state measure." ORS 250.035(2)(a) (1997). Petitioners contend that the phrase "sustainable forestry practices" in the caption is misleading, because it does not reflect the subject matter of the measure. They argue that "sustainable forestry practices" is subject to more than one interpretation,

---

[1] Petitioners do not challenge the "no" result statement, but acknowledge that, if this court modifies the "yes" result statement, it should modify the "no" result statement so that the two statements are parallel. *See* ORS 250.035(3) (1997) ("no" result statement should parallel "yes" result statement).

that the phrase is politically charged, and that it has an "extremely positive connotation" that tends to engender support for the measure.[2] The Attorney General responds that, absent a compelling reason to the contrary, the caption should contain the words of the proposed measure in the ballot title. *See Bernard v. Keisling*, 317 Or 591, 595, 858 P2d 1309 (1993) (so stating).

We agree with petitioners that the caption does not comply substantially with the requirements of ORS 250.035(2) (1997). The proposed measure identifies the criteria that the Board must use in prescribing "Sustainable Forest Practices." The measure provides a detailed, technical definition of "Sustainable Timber Harvest Practices" and requires that "Sustainable Forest Practices" comply with that definition. Establishing "Sustainable Forest Practices," as defined in the measure, is the primary subject matter of the measure. To identify that subject matter, the caption must inform voters that the measure defines the phrase "Sustainable Forest Practices" in a particular way.

It is possible both to use the words of the proposed measure in the caption and to inform the voters that the measure defines those words. Doing so, however, requires us to substitute the word "forest" for the words "state" and "private" in the Attorney General's certified caption, to remain within the 10-word limit of ORS 250.035(2)(a) (1997). We also substitute the word "forest" for the word "forestry," because that is the word that is used in the measure. Accordingly, we modify the Attorney General's caption as follows:

REQUIRES, DEFINES SUSTAINABLE FOREST
PRACTICES, OTHER RESTRICTIONS, ON FOREST LANDS

■ We turn to petitioners' challenge to the "yes" result statement. ORS 250.035(2)(b) (1997) requires a ballot title to contain a "simple and understandable statement of not more than 15 words that describes the result if the state measure

---

[2] Petitioners suggest that we adopt for this ballot title the caption that this court certified to the Secretary of State in *Witt v. Kulongoski*, 319 Or 7, 872 P2d 14 (1994). The proposed state initiative measure at issue in that case was similar to the measure at issue here. However, there are significant differences between the two measures. We decline petitioners' invitation to adopt the *Witt* caption for this measure.

is approved." Petitioners challenge the Attorney General's use of the phrase "sustainable forestry practices" in the "yes" result statement. For the reasons discussed above, we agree that, because the Attorney General uses that phrase, without informing the voters that the measure specifically defines it, the "yes" result statement does not comply substantially with the requirements of ORS 250.035(2)(b) (1997). We therefore make conforming changes to the "yes" result statement to reflect the changes that we have made to the caption. *See Phillips v. Myers*, 325 Or 221, 227, 936 P2d 964 (1997) (court makes conforming changes to result statements when modifying caption).

■      Petitioners also argue that the "yes" result statement fails to comply substantially with ORS 250.035(2)(b) (1997) because it does not explain that the measure will authorize enforcement through citizen lawsuits. Although the Attorney General makes no response to that argument, interveners contend that there is no need to mention the enforcement provision in the measure, because it is speculative whether citizen lawsuits ever would occur.

We agree with petitioners that the enforcement provision must be mentioned in the "yes" result statement. Under present law, there is no provision for enforcement of the Oregon Forest Practices Act, ORS 527.610 *et seq.*, through citizen lawsuits. Section IV of the proposed measure adds that enforcement mechanism by providing, in part, that any state resident may bring an action to enforce the provisions of the measure. That is a significant change in the law. We modify the "yes" result statement as follows:

> RESULT OF "YES" VOTE: "Yes" vote requires, defines sustainable forest practices; imposes restrictions on forest lands; authorizes citizens lawsuits.

Petitioners do not challenge the "no" result statement. *See* ORS 250.035(2)(c) (1997) (describing requirements for "no" result statement). Nonetheless, in light of the changes we have made to the "yes" result statement, we make conforming changes to the "no" result statement so that it is parallel to the "yes" result statement. ORS 250.035(3) (1997). Accordingly, we modify the "no" result statement as follows:

RESULT OF "NO" VOTE: "No" vote retains current statutes, rules, governing forestry, timber harvest practices on forest lands.

Finally, we turn to petitioners' challenge to the summary. ORS 250.035(2)(d) (1997) requires a ballot title to contain a "concise and impartial statement of not more than 85 words summarizing the measure and its major effect." Petitioners contend that the Attorney General's summary does not comply substantially with that statutory requirement for two reasons. First, they argue, the summary is not impartial, because it uses the phrase "sustainable forestry practices." We have addressed that argument above and agree with petitioners that the summary must be modified to explain that the measure requires "Sustainable Forest Practices" as that phrase is defined in the measure.

Second, petitioners contend that the summary is not neutral because it fails to mention significant provisions of the measure, namely, that the measure directs the Board to adopt new timber harvest methods and regulations to meet the measure's new requirements. Petitioners are mistaken. The summary explains that the measure requires the Board to adopt new restrictions. We modify the Attorney General's certified summary as follows:

SUMMARY: Supplements, replaces current statutes. Measure requires sustainable forest practices, as defined, on state, private lands, including: leaving minimum number of trees per acre, harvesting only trees within designated size range. Requires wildlife habitat preservation. Prohibits on-site slash burning, use of non-organic herbicides, pesticides. Requires filing of timber harvesting, thinning plans. Requires forestry board to adopt new restrictions. Allows board to exempt lots 160 acres or smaller on showing of undue economic hardship, if no taking of endangered, threatened wildlife species. Authorizes citizens lawsuits. Other provisions.

We certify to the Secretary of State the following ballot title, as modified:

REQUIRES, DEFINES SUSTAINABLE FOREST
PRACTICES, OTHER RESTRICTIONS, ON FOREST LANDS

RESULT OF "YES" VOTE: "Yes" vote requires, defines sustainable forest practices; imposes restrictions on forest lands; authorizes citizens lawsuits.

RESULT OF "NO" VOTE: "No" vote retains current statutes, rules, governing forestry, timber harvest practices on forest lands.

SUMMARY: Supplements, replaces current statutes. Measure requires sustainable forest practices, as defined, on state, private lands, including: leaving minimum number of trees per acre, harvesting only trees within designated size range. Requires wildlife habitat preservation. Prohibits on-site slash burning, use of non-organic herbicides, pesticides. Requires filing of timber harvesting, thinning plans. Requires forestry board to adopt new restrictions. Allows board to exempt lots 160 acres or smaller on showing of undue economic hardship, if no taking of endangered, threatened wildlife species. Authorizes citizens lawsuits. Other provisions.

Ballot title certified as modified. This decision shall become effective in accordance with ORAP 11.30(10).