FILED: May 26, 2005


IN THE SUPREME COURT OF THE STATE OF OREGON

ART TOWERS,


Petitioner,

v.



HARDY MYERS,
Attorney General,
State of Oregon,


Respondent.


(S52203)


En Banc


On petition to review ballot title.


Submitted on the record February 28, 2005.


Steven C. Berman, of Stoll Stoll Berne Lokting & Shlachter
P.C., Portland, filed the petition for petitioner.


Brendan C. Dunn, Assistant Attorney General, Salem, filed
the response for respondent. With him on the response were Hardy
Myers, Attorney General, and Mary H. Williams, Solicitor General.


GILLETTE, J.


Ballot title referred to Attorney General for modification. 



GILLETTE, J.

This ballot title review proceeding brought under ORS
250.085(2) concerns the Attorney General's certified ballot title
for an initiative petition, denominated by the Secretary of State
as Initiative Petition 15 (2006). Initiative Petition 15, if
adopted, would amend the Oregon Constitution by adding a section
whose stated purpose is to restrict how a person, company, or
organization may use funds obtained by means of public employee
payroll deductions. Section 1 of the initiative petition
prohibits the use of any such funds for "political purposes"
unless the employer has on file a current writing from each
employee that authorizes such deductions. 

Initiative Petition 15 then sets out eight subsections
(two of which are identically denominated as subsection "(f)"). 
Subsection (a) defines money used for "political purposes" to
include any funds, including in-kind and pass-through
contributions, either contributed to a political candidate for
public office or a political party, or used to support or oppose
a ballot measure, or used to collect signatures or oppose any
signature gathering efforts. Subsection (b) excludes from the
initiative petition's coverage money spent on lobbying elected
officials, unless those funds are spent within 90 days of an
election. Subsection (c) provides that the employee's
authorization must be in writing and renewed annually on a
specific form. Subsection (d) establishes a system of fines for
violations of the substantive provisions of the initiative
petition. Subsection (e) requires that any entity using funds
obtained through a payroll deduction for political purposes keep
those funds segregated from other funds. The first subsection
(f) prohibits any person, company, or organization that
commingles funds in violation of subsection (e) from subsequently
using a public payroll system to collect funds for political
purposes, subject to limited exceptions. The second subsection
(f) specifies that the initiative petition does not create a
right to use payroll deduction funds for political purposes. 
Subsection (g) is a severability clause. (1)

Petitioner is an elector who timely submitted certain
written comments to the Secretary of State concerning the content
of the Attorney General's draft ballot title and who therefore is
entitled to seek review in this court of the resulting certified
ballot title. See ORS 250.085(2) (stating that requirement). We
review the Attorney General's certified ballot title to determine
whether it substantially complies with the requirements of ORS
250.035(2)(a) to (d). ORS 250.085(5). For the reasons that
follow, we conclude that the ballot title challenged here does
not so comply.

The Attorney General certified the following ballot
title for Initiative Petition 15:


"AMENDS CONSTITUTION: RESTRICTS HOW INDIVIDUALS AND
ORGANIZATIONS RECEIVING PUBLIC EMPLOYEES' PAYROLL
DEDUCTIONS MAY USE, MANAGE THOSE DEDUCTIONS


"RESULT OF 'YES' VOTE: 'Yes' vote prohibits
individuals, organizations from using public employees'
payroll deductions for 'political purposes' (defined)
without obtaining employee's written, annual
authorization and satisfying additional requirements.


"RESULT OF 'NO' VOTE: 'No' vote retains current
law, which neither limits uses to which payroll
deductions may be put nor requires segregating payroll
deductions earmarked for political purposes.


"SUMMARY: Amends Constitution. Current law
neither limits use of public employees' payroll
deductions nor requires segregating deductions
earmarked for political purposes. Measure prohibits
individuals, organizations receiving public employees'
payroll deductions from using them for 'political
purposes' without obtaining employee's permission
annually granted on form used for this purpose. 
Deductions are used for 'political purposes' when any
portion is: contributed to candidate, political
committee, party; or spent supporting/opposing ballot
measure, public-office candidate. Deductions are not
used for 'political purposes' when spent lobbying,
unless spent on communications identifying public-office candidate within 90 days of election. Anyone
receiving public employees' payroll deductions for
'political purposes' must keep them segregated. Anyone
violating measure may be fined and barred from
collecting funds through public payroll system. Other
provisions."


Petitioner challenges only the summary in the Attorney
General's certified ballot title. ORS 250.035(2)(d) requires
that the ballot title contain a "concise and impartial statement
of not more than 125 words summarizing the state measure and its
major effect." Petitioner asserts that the Attorney General's
summary fails to meet the foregoing standard in four different
respects, which we address separately.

Petitioner asserts, first, that the Attorney General's
summary "inaccurately describes the current state of the law." 
Specifically, petitioner notes that the summary states that
"[c]urrent law neither limits use of public employees' payroll
deductions nor requires segregating deductions earmarked for
political purposes." However, petitioner argues, that statement
is not correct: "[C]urrent law does in fact contain 'limits' on
the use of public employees' payroll deductions. Under current
law, a union cannot require employee payroll deductions to be
used for political purposes. * * * That is a limit."

Although petitioner cites no source of law for the
above statement, we assume that he refers to the familiar case
law from the United States Supreme Court that holds that a union
cannot require an employee to contribute that part of "fair
share" dues that the union devotes to political purposes, if the
employee objects. See, e.g., Abood v. Detroit Board of
Education, 431 US 209, 234-36, 97 S Ct 1782, 52 L Ed 2d 261
(1977) (unions may spend dues of particular employee on political
causes only when employee does not object); Elvin v. OPEU, 313 Or
165, 168, 832 P2d 36 (1992) (discussing Abood). On that
assumption, we agree with petitioner. Federal First Amendment
jurisprudence limits the power to impose such deductions and
imposes significant procedural requirements respecting the
process. Elvin, 313 Or at 168-70 (discussing Abood and
procedural requirements identified by Supreme Court of United
States in Chicago Teachers Union v. Hudson, 475 US 292, 305-07,
106 S Ct 1066, 89 L Ed 2d 232 (1986)). The ballot title
therefore must be referred to the Attorney General for
modification respecting that point. (2)

Petitioner next asserts that the Attorney General's
summary improperly uses the pronoun "anyone" to "describe the
full range of individuals and entities affected by the
initiative." "Anyone," petitioner asserts, is a pronoun that
refers only to an individual; it does not include, for example,
corporations, although corporate entities clearly are included in
Initiative Petition 15's prohibition on use of funds for
"political purposes." (3) The Attorney General responds that,
although petitioner's grammatical point technically is correct,
this court nonetheless safely may ignore it because other parts
of the Attorney General's ballot title state that the initiative
petition restricts how "individuals and organizations" may use
and manage public employee payroll deductions.

We are unpersuaded by the Attorney General's
justification. The last two sentences of the Attorney General's
summary deal with the requirement that payroll deduction funds
intended for political purposes be segregated and the provision
that anyone who violates the substantive prohibitions of the
proposed measure never again will be allowed to obtain payroll
deductions. In each case, the sentence begins with the word
"[a]nyone." The use of that pronoun is incorrect because it is
underinclusive. The initiative petition's disqualification
extends to corporations and organizations as well as individuals. 
Worse, the use of the pronoun is in direct contrast to earlier
references in the ballot title, both in the summary and
elsewhere, to "individuals and organizations." Grammatically,
those contrasting usages leave the impression that the topics
discussed by the last two sentences of the summary apply only to
individuals. As we have indicated, and as the Attorney General
acknowledges, such is not the case. We hold that that aspect of
the Attorney General's summary also fails to meet the standard of
ORS 250.035(2)(d). It therefore must be modified.

Petitioner next argues that the Attorney General's
summary is deficient in that "it fails to mention the full extent
of the penalties for violations." Initiative Petition 15,
petitioner asserts, "contains extremely harsh penalties." The
most important aspect of those penalties, petitioner further
asserts, is the permanent bar on receiving future payroll
deductions, once a person or organization violates the
substantive provisions of the proposed measure. Petitioner
concludes that the permanent nature of the disqualification from
receiving payroll deduction funds must be included in the
summary, "because the way the draft ballot title currently is
written, the voters would infer that the bar lasts only one
election cycle or applies to only one issue." 

We disagree with petitioner. The Attorney General's
summary uses the verb "barred," a word that fairly communicates -- in our view -- the permanent nature of the consequence. It
might be, as the Attorney General acknowledges, that the summary
would be even better if it used the word "permanent," but, as
this court consistently has held, the fact that a part of a
ballot title could be "better" does not establish that the ballot
title fails to meet the statutory standard. See, e.g., Phillips
v. Myers, 325 Or 221, 228, 936 P2d 964 (1997) (so holding). (4)

For his final argument, petitioner contends that the
summary inadequately explains that, under the initiative
petition, a deduction will be deemed to have been used for a
political purpose if it is spent on efforts to obtain or
discourage the gathering of signatures for initiative petitions. 
Petitioner acknowledges that the summary explains that a
deduction will be deemed to have been used for a political
purpose if it is "spent supporting/opposing ballot measure." 
However, petitioner asserts, a "ballot measure" is a proposed
initiative that actually has been placed on the ballot;
signature-gathering in support of the measure already has
occurred.

The Attorney General responds that this court should
not consider petitioner's last argument. ORS 250.085(6) provides
that, when reviewing a ballot title, this court "shall not
consider arguments concerning the ballot title not presented in
writing to the Secretary of State unless the court determines
that the argument concerns [wording] added to or removed from the
draft title after expiration of the comment period[.]" Here, the
Attorney General argues, although the draft ballot title
contained the wording to which petitioner now objects, he did not
object to it earlier. We have reviewed the comments that
petitioner submitted to the Secretary of State respecting the
proposed measure and find the Attorney General's point to be well
taken. We decline to address this issue. (5)

We hold that, for the reasons stated, the Attorney
General's summary in his certified ballot title for Initiative
Petition 15 fails to meet the requirements of ORS 250.035(2)(d). 
We therefore refer the ballot title to the Attorney General for
modification.

Ballot title referred to Attorney General for
modification.





1. Initiative Petition 15 is identical to another proposed
measure, denominated by the Secretary of State as Initiative
Petition 17 (2006), except that Initiative Petition 15 applies
only to employee payroll funds deducted by public employers,
while Initiative Petition 17 applies to all employers. The
Attorney General has certified a ballot title for Initiative
Petition 17 that is similar in all material respects to the
ballot title under consideration in this case. Petitioner in
this case also has challenged the Attorney General's certified
ballot title respecting Initiative Petition 17. See Towers v.
Myers, ___ Or ___, ___ P3d ___ (May 26, 2005) (decided this date)
(dealing with objections to ballot title for Initiative Petition
17).

Return to previous location.



2. As we have indicated, petitioner in this case
challenges only the Attorney General's summary. However, we note
that the wording that we here disapprove is a substantial mirror
of the wording of the Attorney General's "no" vote result
statement, which petitioner does not challenge. On referral, the
Attorney General may wish to consider making a modification of
that part of the ballot title, as well. See Kain v. Myers, 336
Or 116, 123 n 3, 79 P3d 864 (2003) (recognizing such authority);
Mabon v. Myers, 332 Or 633, 640, 33 P3d 988 (2001) (same).

Return to previous location.



3. Petitioner is correct grammatically. Webster's Third
New Int'l Dictionary 97 (unabridged ed 2002) defines "anyone" as
"any person indiscriminately: anybody."

Return to previous location.



4. Of course, the Attorney General will be free on
referral to change this aspect of the summary, if he wishes. See
cases cited above, at ___ Or at ___ n 2 (slip op at 5 n 2)
(recognizing such authority).

Return to previous location.



5. We elsewhere have held that an argument that is the
equivalent of petitioner's argument on the merits of this issue
is valid. See Terhune v. Myers, ___ Or ___, ___, ___ P3d ___
(May 26, 2005) (decided this date) (so holding). Because we
refer this case to the Attorney General for modification in other
respects, he is free to modify the ballot title summary in this
respect as well. See cases cited above, at ___ Or at ___ n 2
(slip op at 5 n 2) (recognizing such authority).

Return to previous location.