Argued and submitted January 8, ballot title certified January 23, 1998

David J. HUNNICUTT,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S44819)

952 P2d 1010

David J. Hunnicutt, Portland, argued the cause and filed the petition *pro se.*

Janet Metcalf, Assistant Attorney General, Salem, argued the cause and filed the response for respondent. With her on the response were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Carson, Chief Justice, Gillette, Van Hoomissen, Graber, Durham, and Kulongoski, Justices.*

GILLETTE, J.

---

* Fadeley, J., did not participate in the consideration or decision of this case.

## GILLETTE, J.

In this ballot title review proceeding, petitioner[1] challenges the legal sufficiency of the caption and result statements in a ballot title certified by the Attorney General for Initiative Petition 61. For the reasons that follow, we modify the Attorney General's ballot title in certain respects and, as modified, certify it.

The proposed measure would amend the Oregon Constitution by adding a new section 34 to Article IV. The new section is extensive, but may be summarized as creating a process by which the legislature would be required to review, and approve or reject, certain administrative rules. That process would be triggered when a specified number of interested persons filed a petition with the Secretary of State, seeking review of an administrative rule identified in the petition. The proposed measure also describes how the legislature shall conduct its review and provides for approval or disapproval of the rule, either in whole or in part.

The Attorney General certified the following ballot title for the proposed measure:

"AMENDS CONSTITUTION: ADMINISTRATIVE RULES INVALID ABSENT LEGISLATIVE APPROVAL AFTER QUALIFYING VOTERS' PETITION

"RESULT OF 'YES' VOTE:   'Yes' vote makes administrative rules invalid without legislature's approval upon filing of qualifying voters' petition.

"RESULT OF 'NO' VOTE:   'No' vote keeps system not requiring legislative approval for administrative rules to remain in effect.

"SUMMARY:   Amends constitution. Current law does not require legislative review of administrative rules. Measure allows voters to require legislative review of administrative rules at next regular session when petition, signed by specified number of voters, is filed listing affected

_____

[1] Petitioner is a person who, pursuant to the provisions of ORS 250.067(1), timely submitted written comments respecting the Attorney General's proposed ballot title for the proposed measure. Petitioner therefore is entitled to maintain the present proceeding. ORS 250.085(2).

rules. Rule remains effective until reviewed by legislature, but rule ceases to be in effect unless approved. If governor vetoes bill, rule is disapproved unless legislature overrides veto. If rule is not approved, state agency may adopt new rule on same issue, but legislative review is required."

■     This court reviews the Attorney General's ballot title to determine whether, in the face of petitioner's challenges, the ballot title is in "substantial compliance" with the requirements of ORS 250.035. ORS 250.085(5). Petitioner here asserts that both the caption and the "yes" and "no" result statements in the Attorney General's certified ballot title fail that legal test.

■     At oral argument, counsel for the Attorney General acknowledged (with commendable candor) that the Attorney General's caption fails the statutory test, in that it emphasizes certain effects of the measure, rather than stating the measure's "subject." *See Phillips v. Myers*, 325 Or 221, 226, 936 P2d 964 (1997) (error to describe in the caption one effect, among many, of a measure, when office of caption is to state "subject" of measure). We agree with that concession. An appropriate and neutral caption should state that the proposed measure creates a process whose object is to permit citizens to require review by the legislature of certain administrative rules. Accordingly, we modify the Attorney General's caption as follows:

"AMENDS CONSTITUTION: CREATES PROCESS
FOR REQUIRING LEGISLATURE TO REVIEW
ADMINISTRATIVE RULES"

Our modification of the Attorney General's caption requires a conforming modification to the Attorney General's "yes" result statement:

"RESULT OF 'YES' VOTE:   'Yes' vote creates process for petitioning legislature to require its review of administrative rules."

No similar modification of the "no" result statement is required; it was and remains sufficient under the statutory criteria. As noted, petitioner does not challenge the Attorney General's summary.

We certify the following ballot title for the proposed measure to the Secretary of State pursuant to ORS 250.085(5):

### AMENDS CONSTITUTION: CREATES PROCESS FOR REQUIRING LEGISLATURE TO REVIEW ADMINISTRATIVE RULES

RESULT OF "YES" VOTE:   "Yes" vote creates process for petitioning legislature to require its review of administrative rules.

RESULT OF "NO" VOTE:   "No" vote keeps system not requiring legislative approval for administrative rules to remain in effect.

SUMMARY:   Amends constitution. Current law does not require legislative review of administrative rules. Measure allows voters to require legislative review of administrative rules at next regular session when petition, signed by specified number of voters, is filed listing affected rules. Rule remains effective until reviewed by legislature, but rule ceases to be in effect unless approved. If governor vetoes bill, rule is disapproved unless legislature overrides veto. If rule is not approved, state agency may adopt new rule on same issue, but legislative review is required.

Ballot title certified as modified. This decision shall become effective in accordance with ORAP 11.30(10).