Argued and submitted November 5, ballot title certified December 3, 1999

Jann CARSON
and Andrea Meyer,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General
of the State of Oregon,
*Respondent,*

*and*

Jason D. WILLIAMS,
*Intervenor.*

(SC S46768)

Jann CARSON,
Andrea Meyer,
and Charles Swindells,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General
of the State of Oregon,
*Respondent,*

*and*

Lawrence B. GEORGE,
*Intervenor.*

(SC S46840)
(Cases Consolidated for Argument and Opinion)

991 P2d 1057

Charles Swindells, Portland, petitioner *pro se* in S46840, argued the cause and filed the petitions for petitioners. With him on the petition in S46768 were Michael Collmeyer and the ACLU Foundation of Oregon, Inc., Portland.

Respondent waived appearance.

David J. Hunnicutt, Tigard, argued the cause and filed the memoranda for intervenors.

PER CURIAM

## PER CURIAM

These are proceedings brought under ORS 250.085(2) to review the ballot titles for two closely related proposed initiative measures. Because the issues are identical, we have consolidated the proceedings for purposes of argument and decision. Petitioners are electors who timely submitted written comments concerning the content of the draft ballot titles submitted to Secretary of State and who therefore are entitled to seek review of the ballot titles certified by the Attorney General. *See* ORS 250.085(2) (setting that requirement).

Petitioners challenge all parts of the ballot titles certified by the Attorney General. This court considered and rejected certain of petitioners' arguments in *Hunnicutt v. Myers*, 326 Or 289, 952 P2d 1010 (1998), a proceeding in which this court certified a ballot title identical to the one before us here for initiative petition 65 (S46768). Petitioners acknowledge that the current measures do not differ from the proposed measure that was before us in *Hunnicutt* in any respect material to their arguments. We adhere to that decision. We have considered each of petitioners' remaining arguments, but conclude that none establishes that the Attorney General's certified ballot titles fail substantially to comply with the standards for such ballot titles set out in ORS 250.035(2)(a) to (d). Accordingly, we certify to the Secretary of State the following ballot title for initiative petition 65 (S46768):

AMENDS CONSTITUTION: CREATES PROCESS FOR REQUIRING LEGISLATURE TO REVIEW ADMINISTRATIVE RULES

RESULT OF "YES" VOTE: "Yes" vote creates process for petitioning legislature to require its review of administrative rules.

RESULT OF "NO" VOTE: "No" vote keeps system not requiring legislative approval for administrative rules to remain in effect.

SUMMARY: Amends constitution. Current law does not require legislative review of administrative rules. Measure

allows voters to require legislative review of administrative rules at next regular session when petition, signed by specified number of voters, is filed listing affected rules. Rule remains effective until reviewed by legislature, but rule ceases to be in effect unless approved. If governor vetoes bill, rule is disapproved unless legislature overrides veto. If rule not approved, state agency may adopt new rule on same issue, but legislative review is required.

We certify to the Secretary of State the following ballot title for initiative petition 71 (S46840):

## AMENDS CONSTITUTION: CREATES PROCESS FOR REQUIRING LEGISLATURE TO REVIEW ADMINISTRATIVE RULES

RESULT OF "YES" VOTE: "Yes" vote creates process for petitioning legislature to require its review of administrative rules.

RESULT OF "NO" VOTE: "No" vote keeps system not requiring legislative approval for administrative rules to remain in effect.

SUMMARY: Amends constitution. Current law does not require legislative review of administrative rules. Measure allows voters to require legislative review of administrative rules at next regular session when petition, signed by at least 10,000 voters, is filed listing affected rules. Rule remains effective until reviewed by legislature, but rule ceases to be in effect unless approved. If governor vetoes bill, rule is disapproved unless legislature overrides veto. If rule not approved, state agency may adopt new rule on same issue, but legislative review is required.

Ballot titles certified. This decision shall become effective in accordance with ORAP 11.30(10).