Filed: December 3, 1999

IN THE SUPREME COURT OF THE STATE OF OREGON

JANN CARSON and ANDREA 

MEYER, 

 Petitioners, 

 v. 

HARDY MYERS, Attorney General 

of the State of Oregon, 

 Respondent,

 and

JASON D. WILLIAMS,

 Intervenor. 

__________________________________

JANN CARSON, ANDREA MEYER, 

and CHARLES SWINDELLS, 

 Petitioners, 

 v. 

HARDY MYERS, Attorney General 

of the State of Oregon, 

 Respondent,

 and

LAWRENCE B. GEORGE,

 Intervenor. 

(SC S46768; S46840)

(Consolidated for argument and opinion)

 En Banc

 On petition to review ballot title.

 Argued and submitted November 5, 1999.

 Charles Swindells, Portland, petitioner pro se in S46840, argued the cause and filed the
petitions for petitioners. With him on the petition in S46768 were Michael Collmeyer and the
ACLU Foundation of Oregon, Inc., Portland.

 Respondent waived appearance.

 David J. Hunnicutt, Tigard, argued the cause and filed the memoranda for intervenors.

 PER CURIAM

 Ballot titles certified. This decision shall become effective in accordance with ORAP
11.30(10).

 PER CURIAM

 These are proceedings brought under ORS 250.085(2) to review the ballot titles
for two closely related proposed initiative measures. Because the issues are identical, we have
consolidated the proceedings for purposes of argument and decision. Petitioners are electors who
timely submitted written comments concerning the content of the draft ballot titles submitted to
Secretary of State and who therefore are entitled to seek review of the ballot titles certified by the
Attorney General. See ORS 250.085(2) (setting that requirement).

 Petitioners challenge all parts of the ballot titles certified by the Attorney General. 
This court considered and rejected certain of petitioners' arguments in Hunnicutt v. Myers, 326
Or 289, 952 P2d 1010 (1998), a proceeding in which this court certified a ballot title identical to
the one before us here for initiative petition no. 65 (S46768). Petitioners acknowledge that the
current measures do not differ from the proposed measure that was before us in Hunnicutt in any
respect material to their arguments. We adhere to that decision. We have considered each of
petitioners' remaining arguments, but conclude that none establishes that the Attorney General's
certified ballot titles fail substantially to comply with the standards for such ballot titles set out in
ORS 250.035(2)(a) to (d). Accordingly, we certify to the Secretary of State the following ballot
title for initiative petition no. 65 (S46768):

AMENDS CONSTITUTION: CREATES PROCESS FOR REQUIRING

LEGISLATURE TO REVIEW ADMINISTRATIVE RULES

 RESULT OF "YES" VOTE: "Yes" vote creates process for petitioning
legislature to require its review of administrative rules.

 

 RESULT OF "NO" VOTE: "No" vote keeps system not requiring
legislative approval for administrative rules to remain in effect.

 SUMMARY: Amends constitution. Current law does not require
legislative review of administrative rules. Measure allows voters to require
legislative review of administrative rules at next regular session when petition,
signed by specified number of voters, is filed listing affected rules. Rule remains
effective until reviewed by legislature, but rule ceases to be in effect unless
approved. If governor vetoes bill, rule is disapproved unless legislature overrides
veto. If rule not approved, state agency may adopt new rule on same issue, but
legislative review is required.

 We certify to the Secretary of State the following ballot title for initiative petition
no. 71 (S46840):

AMENDS CONSTITUTION: CREATES PROCESS FOR REQUIRING

LEGISLATURE TO REVIEW ADMINISTRATIVE RULES

 RESULT OF "YES" VOTE: "Yes" vote creates process for petitioning
legislature to require its review of administrative rules.

 RESULT OF "NO" VOTE: "No" vote keeps system not requiring
legislative approval for administrative rules to remain in effect.

 SUMMARY: Amends constitution. Current law does not require
legislative review of administrative rules. Measure allows voters to require
legislative review of administrative rules at next regular session when petition,
signed by at least 10,000 voters, is filed listing affected rules. Rule remains
effective until reviewed by legislature, but rule ceases to be in effect unless
approved. If governor vetoes bill, rule is disapproved unless legislature overrides
veto. If rule not approved, state agency may adopt new rule on same issue, but
legislative review is required.

 Ballot titles certified. This decision shall become effective in accordance with
ORAP 11.30(10).