Argued and submitted July 25, ballot title certified as modified October 5, 1995

Ruth BENDL,
*Petitioner,*

*v.*

Theodore R. KULONGOSKI,
Attorney General, State of Oregon,
and Phil Keisling, Secretary of State,
State of Oregon,
*Respondents,*

*and*

Joan BIGGS,
Daniel A. Rooney, Jr., and Phil Dreyer,
*Intervenors.*

(SC S42393)

Arthur HONEYMAN,
*Petitioner,*

*v.*

Theodore R. KULONGOSKI,
Attorney General, State of Oregon,
and Phil Keisling, Secretary of State,
State of Oregon,
*Respondents,*

*and*

Joan BIGGS,
Daniel A. Rooney, Jr., and Lloyd K. Marbet,
*Intervenors.*

(SC S42394)
(Cases Consolidated for Argument and Opinion)

902 P2d 1189

Daniel W. Meek, Portland, argued the cause for petitioners and filed the petition for petitioner Honeyman. Gregory Kafoury, Portland, filed the petition for petitioner Bendl.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause and filed the answering memoranda for respondents.

Charles F. Hinkle, Portland, filed a memorandum for intervenors Biggs and Rooney.

Daniel W. Meek, Portland, filed memoranda for intervenors Dreyer and Marbet.

GRABER, J.

Unis, J., filed a dissenting opinion.

**GRABER, J.**

In this original proceeding, two petitioners challenge the ballot title for a proposed initiative measure. Petitioners are electors who, in a timely manner, submitted written comments about the Attorney General's draft ballot title, pursuant to ORS 250.067(1). Accordingly, petitioners are entitled to seek a different title in this court. ORS 250.085(2). Most of the arguments that petitioners make differ from the comments that they made during the administrative process, but those arguments in several respects "concern[] language added to or removed from the draft title after expiration of the comment period provided in ORS 250.067." ORS 250.085(6). We consider both the arguments that correspond to the ones presented in writing to the Secretary of State and those relating to new wording chosen after the close of the comment period. We modify the ballot title in certain respects and, as modified, certify it to the Secretary of State.

The proposed initiative measure would add the following new subsections to Article IV, section 1, of the Oregon Constitution:

"(6) The initiative and referendum powers of the people shall not be restricted except by the use of the initiative power. Other than provisions enacted by the use of the initiative power, all constitutional or statutory provisions pertaining to the initiative or referendum power or process enacted after March 30, 1995 shall be without effect.

"(7) Any administrative rule or action shall employ the least restrictive means necessary to allow the people to exercise the initiative or referendum power."

For that measure, the Attorney General certified this ballot title to the Secretary of State:

"AMENDS CONSTITUTION:
REMOVES LEGISLATURE'S POWER TO PROPOSE
RESTRICTING INITIATIVE, REFERENDUM

"QUESTION: Shall constitution remove legislature's authority to refer constitutional restrictions on initiative, referendum powers to voters, and to regulate those powers?

"SUMMARY: Amends constitution. Legislature now may adopt statutes on people's initiative, referendum powers not inconsistent with constitution. Legislature also may refer proposed constitutional changes in those powers

to voters. Measure would remove legislature's power to refer such constitutional amendments to voters, and to enact laws pertaining to initiative or referendum. Measure nullifies any constitutional or statutory provisions pertaining to initiative or referendum enacted after March 30, 1995, except through initiative. Administrative rules, actions must use least restrictive means necessary so people may exercise initiative or referendum."

This court reviews that ballot title for "substantial compliance with the requirements of ORS 250.035 and 250.039." ORS 250.085(5) (1993).[1] ORS 250.035(1)(a) (1993) required that a ballot title contain a "caption of not more than 10 words which reasonably identifies the subject of the measure." ORS 250.035(1)(b) (1993) required that a ballot title also contain a "question of not more than 20 words which plainly phrases the chief purpose of the measure." ORS 250.035(1)(c) (1993) required that a ballot title contain a "concise and impartial statement of not more than 85 words summarizing the measure and its major effect." Finally, ORS 250.039 (1993) required that a ballot title meet "a standard of minimum readability."

With respect to the Caption, petitioners argue that it is too narrow to identify reasonably the subject of the measure. Specifically, they contend that the proposed measure does more than remove the legislature's authority in the future to refer constitutional restrictions on the initiative and referendum to the voters. For example, they point out, the measure also would nullify any constitutional or statutory provisions pertaining to the initiative or referendum enacted after March 30, 1995, unless those provisions themselves resulted from an initiative. Petitioners also assert that the measure would prevent the legislature from changing the process, as well as the power, of the initiative and referendum.

The Attorney General responds that the more specific alternative that he has chosen complies substantially with the statutory mandate to identify the subject of the

---

[1] The 1995 legislature amended ORS 250.035 and repealed ORS 250.039. Or Laws 1995, ch 534, §§ 1 & 19. Those changes, however, do not apply to the ballot title in this case. *See id.* at § 20(1)(a) (act applies to initiative petitions for which prospective petition is filed on or after effective date of act). The prospective petition in this case was filed before the effective date of the 1995 act, July 7, 1995.

proposed measure, because it "focuses precisely on how the measure would change the current constitution." We agree that the proposed measure removes "an existing legislative power (and thereby also remov[es] the people's power to approve a referendum proposed by the legislature)." But we disagree that the Attorney General's ballot title conveys the full scope of the proposed measure. Even if some aspects of the proposed measure are redundant of existing constitutional provisions, as the Attorney General argues, the subject of the concededly nonredundant portions is not conveyed sufficiently to meet the statutory standard.

Based on the text of the proposed measure, we agree with petitioners that the Caption fails to identify reasonably the measure's subject. Accordingly, we modify the Caption. In addition, we make conforming changes to the Question.

The Summary, however, complies substantially with the statutory requirements.

One of the petitioners also brings a readability challenge. We conclude that it is not possible to improve the readability of the ballot title significantly, because the key terms of the proposed measure, which must be included in order to convey its scope to voters, are long words: *e.g.*, constitution, initiative, referendum, and legislature.

We certify the following ballot title for use with the proposed initiative measure:

AMENDS CONSTITUTION:
REGULATE INITIATIVE, REFERENDUM POWERS,
PROCESSES ONLY BY INITIATIVE

QUESTION: Shall constitution forbid regulating initiative, referendum powers, processes except by initiative; nullify such provisions if enacted after March 30, 1995?

SUMMARY: Amends constitution. Legislature now may adopt statutes on people's initiative, referendum powers not inconsistent with constitution. Legislature also may refer proposed constitutional changes in those powers to voters. Measure would remove legislature's power to refer such constitutional amendments to voters, and to enact laws pertaining to initiative and referendum. Measure nullifies any constitutional or

statutory provisions pertaining to initiative or referendum enacted after March 30, 1995, except through initiative. Administrative rules, actions must use least restrictive means necessary so people may exercise initiative, referendum power.

Ballot title certified as modified. This decision shall become effective in accordance with ORAP 11.30(9).

**UNIS, J.,** dissenting.

I adhere to my view that, to the extent that ORS 250.085(5) (1993) gives this court jurisdiction to draft and certify a ballot title for a proposed initiative measure that is different than the one certified by the Attorney General, that statute violates the principle of separation of powers embodied in Article III, section 1, of the Oregon Constitution. *Rooney v. Kulongoski (Elections Division #13)*, 322 Or 15, 55, 902 P2d 1143 (1995) (Unis, J., dissenting). I would, therefore, dismiss this case for lack of jurisdiction.