Argued and submitted November 8, ballot title certified as modified
December 16, 1999

## Karen L. GARST,
*Petitioner,*

*v.*

## Hardy MYERS,
## Attorney General,
## State of Oregon,
*Respondent.*

## (SC S46873)

992 P2d 451

Bruce A. Bishop, of Harrang Long Gary Rudnick P.C., Salem, argued the cause for petitioner. With him on the petition was James E. Mountain Jr.

Brendan C. Dunn, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

VAN HOOMISSEN, J.

Durham, J., dissented and filed an opinion in which Kulongoski, and Riggs, JJ., joined.

**VAN HOOMISSEN, J.**

Petitioner, the Executive Director of the Oregon State Bar, challenges the Attorney General's ballot title for a proposed initiative measure. She is an elector who, in a timely manner and pursuant to ORS 250.067(1), submitted written comments on the Attorney General's draft ballot title. Accordingly, petitioner is entitled to seek a different title in this court. ORS 250.085(2). We modify the Attorney General's ballot title and certify it as modified.

The proposed initiative measure would give voters in judicial elections the choice of voting for "None of the Above" by amending Article VII (Amended) of the Oregon Constitution. The proposed initiative measure follows with the proposed new wording for the Oregon Constitution set out in boldface type (our emphasis):

"PARAGRAPH 1. The Constitution of the State of Oregon is amended by creating a new section 1b to be added to and made a part of Article VII (Amended), and by amending section 1, Article VII (Amended), such sections to read:

"Sec. 1. (1) The judicial power of the state shall be vested in one supreme court and in such other courts as may from time to time be created by law. The judges of the supreme **court** and **in such** other courts shall be elected by the legal voters of the state or of their respective districts for a term of six years, and shall receive such compensation as may be provided by law, which compensation shall not be diminished during the term for which they are elected. **The judges of the Supreme Court, Court of Appeals, Oregon Tax Court, circuit courts, and all other state courts which may be created by law shall be elected as provided in subsection (2) of this section.**

"**(2)(a) Elections to fill the office of judge of the supreme and other courts shall be conducted in the manner provided by this subsection. Positions subject to this subsection shall be filled at the general election. The term of office for a position subject to this subsection shall begin on the first Monday in January following the general election. In addition to the names of the candidates for the position, there shall be placed on the ballot for the general election**

an option of 'None of the Above.' Notwithstanding section 16, Article II of this Constitution, the candidate who receives the most votes in the election shall be elected to the position, unless the option of 'None of the Above' receives more votes than any candidate. If more votes are cast for the option 'None of the Above' than for any candidate, the office shall be vacant on the first Monday in January following the general election, and a special election to fill the vacancy will be held on the following second Tuesday in March. In the event that 'None of the Above' receives more votes than any of the candidates in the special election, the Governor shall fill the vacancy by appointment. Any candidate in an election who receives fewer votes than 'None of the Above' may not be appointed to fill any vacancy resulting from the operation of this subsection.

"(b)   Additional provisions, consistent with this subsection, governing the appointment and election of judges of the supreme and other courts, may be created by law.

"Section 1b.   (1) The amendment to section 1 of this Article is first operative July 1, 2001.

"(2)   This section is repealed July 2, 2001.

"PARAGRAPH 2.   If any portion, clause or phrase of this Amendment is for any reason held to be invalid or unconstitutional by a court of competent jurisdiction, the remaining portions, clauses, and phrases shall not be affected but shall remain in full force and effect."

For that measure, the Attorney General certified to the Secretary of State the following ballot title:

"AMENDS CONSTITUTION: CHANGES JUDICIAL ELECTION PROCESS; EXPANDS GOVERNOR'S POWER TO APPOINT JUDGES

"RESULT OF 'YES' VOTE: 'Yes' vote changes current process for electing judges, and expands Governor's power to appoint judges.

"RESULT OF 'NO' VOTE: 'No' vote retains current judicial election process, rejects expansion of Governor's power to appoint judges.

"SUMMARY: Amends Constitution. Currently, judicial candidate receiving most votes is elected for 6-year term, Governor fills vacancies by appointment lasting until next general election. Measure requires 'None of the Above' option on judicial election ballots. Candidate receiving most votes wins, unless 'None of the Above' option receives more votes than any candidate. In such instances, office becomes vacant, special election is held. If option again receives more votes than any of the candidates, Governor appoints judge. Candidate receiving fewer votes than option ineligible for appointment."

Petitioner challenges the caption and the result statements of the Attorney General's certified ballot title.[1] She contends that those portions of the Attorney General's ballot title are deficient and misleading. Under ORS 250.085(5), we review those portions of the title for substantial compliance with the requirements of ORS 250.035 (1997).

## CAPTION

A ballot title must contain a "caption of not more than 10 words that reasonably identifies the subject matter of the state measure." ORS 250.035(2)(a). A caption should "convey[ ] the full scope of [a] proposed measure." *Bendl v. Kulongoski*, 322 Or 160, 165, 902 P2d 1189 (1995). Petitioner contends that the Attorney General's caption does not comply substantially with those requirements.

■ Petitioner first contends that the Attorney General's caption fails to identify the subject of the measure. She argues that the subject matter of the measure, and its unambiguous purpose, is to allow voters the option to choose "None of the Above" instead of one of the declared candidates for judicial office. Petitioner notes that the phrase "None of the Above" appears fives time in section (2)(a) of the proposed measure. She asserts that the Attorney General's caption is deficient, because it tells voters only that there will be changes in the judicial election process without informing them what those changes will be.

---

[1] During oral argument before this court, petitioner abandoned her challenge to the summary contained in the Attorney General's certified ballot title.

■ Petitioner next contends that the Attorney General's caption incorrectly characterizes the measure as one that "expands" the Governor's power to appoint judges. She argues that Article V, section 16, of the Oregon Constitution, already gives the Governor the power to fill vacancies in judicial office[2] and that the measure does not amend that provision explicitly. She asserts that, although the measure might increase the Governor's "opportunity" to fill vacancies in judicial office, it does not "expand" the Governor's constitutional power to do so. Accordingly, she argues that the Attorney General's identification of this as a subject of the measure is, at best, speculative. We agree with both of petitioner's arguments.

The centerpiece of the proposed initiative measure is the addition of the "None of the Above" option in judicial elections. That option appears five times in the text of the measure, yet it is not mentioned in the Attorney General's ballot title until the summary. We conclude that the Attorney General's text in the caption, "Changes Judicial Election Process; Expands Governor's Power to Appoint Judges" fails to inform voters about the subject matter of the measure.

Because the Attorney General's caption fails to reasonably identify the subject matter of the measure, it fails to comply substantially with the requirements of ORS 250.035(2)(a). Accordingly, we modify the Attorney General's caption as follows:

AMENDS CONSTITUTION: CHANGES JUDICIAL
ELECTIONS; ALLOWS VOTE FOR
"NONE OF THE ABOVE"

---

[2] Article V, section 16, of the Oregon Constitution, provides:

"When during a recess of the legislative assembly a vacancy occurs in any office, the appointment to which is vested in the legislative assembly, or when at any time a vacancy occurs in any other state office, or in the office of judge of any court, the governor shall fill such vacancy by appointment, which shall expire when a successor has been elected and qualified. When any vacancy occurs in any elective office of the state or of any district or county thereof, the vacancy shall be filled at the next general election, provided such vacancy occurs more than sixty-one (61) days prior to such general election."

## RESULT STATEMENTS

ORS 250.035(2)(b) and (c) require a "simple and understandable statement of not more than 15 words that describes the result if the state measure is approved," and a "simple and understandable statement of not more than 15 words that describes the result if the state measure is rejected." Those statements "shall be written so that, to the extent practicable, the language of the two statements is parallel." ORS 250.035(3). Petitioner contends that the Attorney General's "yes" and "no" result statements are inadequate and misleading and, thus, do not comply substantially with the requirements of ORS 250.035(2)(b) and (c).

For the reasons explained above in connection with the caption, we conclude that the Attorney General's result statements do not describe the result of approval or rejection of the measure and, consequently, they do not comply substantially with ORS 250.035(2)(b) and (c). It has been this court's practice in that circumstance to modify result statements to conform to modified captions. *See Phillips v. Myers*, 325 Or 221, 227, 936 P2d 964 (1997) (so stating). Accordingly, we modify the result statements as follows:

RESULT OF "YES" VOTE: "Yes" vote changes current process for electing judges, allows vote for "None of the Above."

RESULT OF "NO" VOTE: "No" vote retains current process of electing judges, candidate receiving most votes is elected.

We modify the Attorney General's ballot title and certify to the Secretary of State the following ballot title:

AMENDS CONSTITUTION: CHANGES JUDICIAL ELECTIONS; ALLOWS VOTE FOR "NONE OF THE ABOVE"

RESULT OF "YES" VOTE: "Yes" vote changes current process for electing judges, allows vote for "None of the Above."

RESULT OF "NO" VOTE: "No" votes retains current process for electing judges, candidate receiving most votes is elected.

SUMMARY: Amends Constitution. Currently, judicial candidate receiving most votes is elected for 6-year term, Governor fills vacancies by appointment lasting until next general election. Measure requires "None of the Above" option on judicial election ballots. Candidate receiving most votes wins, unless "None of the Above" option receives more votes than any candidate. In such instances, office becomes vacant, special election is held. If option again receives more votes than any of the candidates, Governor appoints judge. Candidates receiving fewer votes than option ineligible for appointment.

Ballot title certified as modified. This decision shall become effective in accordance with ORAP 11.30(10).

**DURHAM, J.,** dissenting.

The majority has failed to demonstrate that the Attorney General's ballot title does not comply substantially with statutory requirements. *See* ORS 250.085(5) ("The court shall review the [Attorney General's] title for substantial compliance with the requirements of ORS 250.035 * * *."). In modifying the Attorney General's ballot title, the majority has distorted the criteria that the Attorney General must use in determining the subject of a measure. Accordingly, I dissent.

The proposed initiative measure creates a number of significant changes in existing constitutional law regarding the election and appointment of Oregon judges. As the Attorney General's ballot title caption indicates, one of the changes concerns an expansion of the opportunities available to the Governor to exercise the power to appoint judges to vacant positions. Another change would alter the ballot to add an option for voters to choose "none of the above" when voting for a judge.

The Attorney General has chosen to mention the first of those changes in the caption and to discuss each of those changes, and others, in the summary. In my opinion, that is a rational choice because, considering the text of the measure, its practical operation, and the voters' need for accurate information, each of the changes just mentioned is a subject of the measure. The 10-word word limitation in ORS 250.035(2)(a) prevents the disclosure of both of those subjects

in the caption. Consequently, the Attorney General permissibly may disclose either subject in the caption, after the phrase "changes judicial election process," and thereby comply fully with the criteria for a lawful caption in ORS 250.035(2)(a).

The majority commits a serious error in attempting to justify its decision to alter the Attorney General's ballot title caption. It labels the "None of the Above" voting option the "centerpiece of the proposed initiative measure." However, the sole reason stated for that conclusion is that "[t]hat option appears five times in the text of the measure * * *." 329 Or at 534.

The majority relies on false reasoning. This court in *Doell v. Myers*, 328 Or 635, 640, 984 P2d 266 (1999), stated:

> "In determining whether a caption accurately states the subject matter of a proposed initiative measure, *we examine the text of the measure itself*[.]"

(Emphasis added.) The majority cannot evade the requirement of a genuine analysis of the text of the measure simply by counting the number of times that the measure refers to a particular topic. By following the majority's false reasoning, future initiative petitioners can control the determination of the subject matter of their measure—and, therefore, the phrasing of the ballot title caption—by referring repeatedly to a politically attractive feature of the measure in the text. In my view, the Attorney General correctly declined simply to count the number of references to the "None of the Above" voting option in the measure and chose instead to *analyze* the text to determine its subject matter. We may regret this unprecedented step by the majority.

As the Attorney General persuasively argues, the text of the measure makes two very significant changes in the Governor's constitutional power to appoint judges. First, and most significantly, the measure creates a new opportunity for a gubernatorial appointment to the judicial bench that does not exist under present constitutional law. Second, the measure also restricts the Governor's existing appointment power by forbidding the Governor from appointing to the vacancy any candidate in the special election who

received fewer votes than the "None of the Above" option. In light of the significance of those changes in the Governor's constitutional authority, I fail to see how the Attorney General committed legal error, under our "substantial compliance" standard of review, in referring to those changes in the caption.

The majority may be concerned that the measure does not literally "expand" the Governor's appointment power but, instead, only increases the opportunities for exercising the appointment power that the Governor already holds. Such a concern is unwarranted. Virtually all voters understand that a measure "expands" the existing appointment power of the Governor if it creates new opportunities for exercising that power.[1] In my view, the majority pays insufficient deference, as contemplated by our standard of review, to the Attorney General's primary role in drafting the ballot title caption. Aside from counting the number of references to the "None of the Above" voting option in the measure, the majority does not explain why the Attorney General's caption is inadequate for failing to mention that voting option notwithstanding the full and fair discussion of that option in the Attorney General's summary.

The majority proceeds from the premise of its unjustified modification of the caption to make similar modifications to the result statements. For the reasons explained above, those changes are equally unjustified.

The Attorney General properly rejected petitioner's suggestions because they are unwarranted and tend to enhance the measure's political attraction by drawing undue attention to the electorate's new voting option. The Attorney General's perceptions about petitioner's arguments were accurate and deserve appropriate deference by this court. The Attorney General's ballot title complies substantially

---

[1] The dictionary definition of "expand" supports the Attorney General's use of th..t term to describe the effect of the measure on the existing constitutional power of the Governor to appoint judges. The dictionary defines "expand" as follows:

"[T]o spread out : open wide : UNFOLD * * * to increase the extent, size, number, volume, or scope of : ENLARGE * * * to express fully : develop in detail : AMPLIFY * * *."

*Webster's Third New Int'l Dictionary*, 798 (unabridged ed 1993).

with statutory requirements. We should certify it without modification.

I dissent.

Kulongoski and Riggs, JJ., join in this dissent.