*297 OPINION AND ORDER
¶1 This is an original proceeding. The petition challenges the legal sufficiency of Legislative Referendum 127 (LR-127), a measure enacted by the Legislature in 2013 as a referendum to be put to a public vote at the time of the November 2014 general election.
¶2 The petition alleges that the Attorney General’s approval of the proposed ballot measure for legal sufficiency was incorrect under Montana law, and seeks to enjoin the State of Montana from placing the measure on the general election ballot. Petitioners also seek attorney fees and costs.
¶3 On December 5, 2013, the Attorney General filed a response asserting that the legal review was correct and asking that the petition be denied. On December 10, 2013, this Court asked the parties for supplemental briefing. The briefs have been filed and the matter is ripe for a decision.
¶4 This Court has original jurisdiction to review the Attorney General’s determination that a ballot measure referred by the Legislature is legally sufficient. Section 3-2-202(3), MCA; Mont. Const, art. IV, § 7.
¶5 We restate the issue as follows: Whether the State of Montana should be enjoined from placing LR-127 on the general election ballot in 2014 because of legal deficiencies in its title.
DISCUSSION
¶6 LR-127 was passed by the Montana Legislature in 2013 as Senate Bill 408. The measure proposes to eliminate political party primary elections as they traditionally have been held in this State, replacing them with a system in which all candidates would appear on a single primary ballot. The two candidates who receive the most votes would advance to the general election, regardless of party affiliation.
¶7 In Montana the people may enact laws by initiative, and may approve or reject any act of the Legislature except for appropriations of money. Mont. Const, art. Ill, §§ 4,5. As in the case of LR-127, the people may vote in a referendum upon matters referred to them upon order of the Legislature. Mont. Const, art. Ill, § 5. The Montana Constitution allows Montana citizens to go to court and present preelection challenges to the manner in which a referendum qualifies for the ballot. Mont. Const, art. IV, § 7(2) (enacted as Const. Amend. No. 21, approved November 6,1990). This Court has original jurisdiction *298 as provided in § 3-2-202, MCA, to review the Attorney General’s ballot statements for referred measures and the Attorney General’s legal sufficiency determination in an action brought under § 13-27-316, MCA. The petitioners have invoked those constitutional and statutory provisions in this action.[1]
¶8 Montana law requires the Attorney General to examine proposed ballot issues “for legal sufficiency,” which means compliance with statutory and constitutional requirements governing submission of the proposed issue to the voters. Section 13-27-312(1) and -(7), MCA.[2] Montana law further provides that both proponents and opponents of ballot measures may initiate original proceedings in this Court to challenge the sufficiency of the Attorney General’s review. Section 13-27-316, MCA. This Court is required to examine the issue and to “render a decision as to the adequacy of the ballot statements or the correctness of the attorney general’s determination.” Section 13-27-316(3)(c), MCA.
¶9 For many decades the Legislature has limited the number of words that may appear in the title of matters that it refers to the people for a referendum vote. See e.g. State ex rel. Bonner v. Dixon, 59 Mont. 58, 195 P. 841 (1921). The current limitation, in place since 1979, provides that “[a]ll bills referred by the legislature to a vote of the people shall have a title of no more than 100 words.” Section 5-4-102, MCA. The 100-word limitation applies only to measures that the Legislature refers to the people for a vote.
¶10 The Petitioners’ challenge to LR-127 is that it violates § 5-4-102, MCA, because the title exceeds 100 words. The title to LR-127 is:
AN ACT GENERALLY REVISING ELECTION LAWS; PROVIDING THAT THE TWO CANDIDATES WHO RECEIVE THE MOST VOTES IN CERTAIN PRIMARY ELECTIONS FOR PARTISAN OFFICES ADVANCE TO THE GENERAL ELECTION IRRESPECTIVE OF PARTY AFFILIATION; ELIMINATING SEPARATE PARTY BALLOTS AND *299 PROVIDING FOR ONE PRIMARY BALLOT CONTAINING ALL PRIMARY RACES; PROVIDING THAT THE PROPOSED ACT BE SUBMITTED TO THE QUALIFIED ELECTORS OF MONTANA; AMENDING SECTIONS 2-16-615,5-2-402,5-2-403, 5-2-404,5-2-406,7-2-2219,7-3-176,7-3-218,7-3-313,7-3-412,7-3-512,7-3-704,7-3-1256,7-4-2106,7-4-2206,7-4-2302,7-4-2310,7-4-4112.13- 1-101,13-1-103,13-4-102,13-10-201,13-10-203,13-10-204.13- 10-209,13-10-21Í, 13-10-301,13-10-325,13-10-326,13-10-327.13- 10-402,13-10-403,13-10-404,13-10-405,13-10-501,13-10-504.13- 10-505,13-12-201,13-12-202,13-12-203,13-12-205,13-12-207.13- 13-214,13-13-225,13-13-241,13-14-111,13-14-112,13-14-113.13- 14-114,13-14-115,13-14-117,13-14-118,13-15-201,13-15-205.13- 15-206,13-15-208,13-15-405,13-15-406,13-15-507,13-16-101.13- 16-201,13-16-211,13-16-412,13-16-418,13-16-419,13-16-501.13- 17-103,13-19-205,13-21-205,13-25-101,13-25-201,13-25-205.13- 25-303,13-35-106,13-35-205,13-35-206,13-35-207,13-35-214.13- 35-218,13-35-221,13-35-225,13-35-226,13-36-101,13-36-102.13- 36-103,13-36-104,13-36-201,13-36-202,13-36-203,13-36-206.13- 36-207,13-36-209,13-36-210,13-36-211,13-36-212,13-37-127, 13-37-216, 13-37-218, 13-38-101, AND 13-38-201, MCA; REPEALING SECTIONS 13-10-302,13-10-303,13-10-305,13-10-311.13- 10-502,13-10-503,13-10-507,13-10-601,13-10-602,13-10-604, AND 13-38-204, MCA; AND PROVIDING AN EFFECTIVE DATE AND AN APPLICABILITY DATE.
The point of disagreement between the Petitioners and the Attorney General is whether to count the many statutes listed in the title of LR-127 as “words” under § 5-4-102, MCA. These citations list each section of the Montana Code that must be either amended or repealed to effectuate the Legislature’s proposal for a new primary election system. Petitioners assert that each of these statutory citations must be considered as a word, while the Attorney General urges that statutory citations are not words and should not count in determining compliance with § 5-4-102, MCA. There are three alternatives for applying § 5-4-102, MCA: ignore all the statutory citations; count each of the statutory citations as one word; or treat each of the statutory citations as the number of words required to say the citation (“13-12-203” would be counted as “thirteen, twelve, two zero three” for a total of five words). The only way to find that the title complies with § 5-4-102, MCA, is to ignore each of the statutory citations.
¶11 The closest judicial decision that bears upon this issue is Bonner. In that case this Court considered a post-election challenge to an *300 initiative that had been approved by the voters. The statute in effect at that time (1921) imposed a ten-word limit on the title of such a measure as it would appear on the ballot. The title of the initiative contained the number “$5,000,000,” and the dispute was whether that should be counted as one word or three under the statute (if three words, it would be read as “five million dollars.”).[3] This Court ultimately determined that even if the number were read as three words the title would only violate the ten-word limit by two words. The Court determined that no person could have been misled by the title even if it violated the ten-word limit by two words, and such a minor technical violation of the statute was not sufficient to defeat the will of the voters who had already enacted the provision. Bonner, 59 Mont. at 87, 195 P. at 848.
¶12 The Bonner case is instructive on several points applicable to the current proceeding. First, when applying a statute limitingthe number of words in the title of a ballot measure, this Court clearly decided the case based upon the underlying assumption that numbers count as words. If the number in the title had not been considered to be at least one word, there would have been no basis for the controversy and no need for the decision. Second, the Court determined that a minor or technical violation of a statute limiting the number of words in a title will not automatically invalidate an initiative already enacted by the people. Third, an important consideration in determining the materiality of a violation of a statutory word limit is whether voters could have been misled. LR-127 does not withstand scrutiny when examined using any of these criteria.
¶13 The Legislature has not specifically defined “word” for purposes of § 5-4-102, MCA. “Word” is defined in Montana law as part of the term “folio,” which means “100 words, counting every two letters or numbers necessarily used as a word.”[4] Section 1-1-203(3), MCA. This equation of words and numbers is significant because “[w]henever the meaning of a word or phrase is defined in any part of this code, such *301 definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears.” Section 1-2-107, MCA. This Court has applied that rule of statutory construction on numerous occasions. Dept. of Revenue v. Gallatin Outpatient Clinic, 234 Mont. 425, 430, 763 P.2d 1128, 1131 (1988); State v. Merry, 2008 MT 288, ¶ 12, 345 Mont. 390, 191 P.3d 428; Graziano v. Stock Farm Homeowners Assoc., 2011 MT 194, ¶ 32, 361 Mont. 332, 258 P.3d 999.
¶14 Other authorities also support the conclusion that numbers and discrete combinations of numbers, are words. The usual and ordinary meaning of a “word” includes any character or set of charters separated by whitespace, which includes numbers. This definition of “word” is widely supported. The American Heritage Dictionary defines “word” as “a sound or combination of sounds, or its representation in writing or printing, that symbolizes and communicates a meaning.” Word, American Heritage Dictionary Online, (last accessed March 3, 2014). Similarly, Merriam-Webster defines “word” as a “written or printed character or combination of characters representing a spoken word.” Word, Merriam-Webster Dictionary Online (last accessed March 3,2014). Under these common definitions of “word” a printed section number of a statute constitutes a word because it is a series of characters in writing that communicates a spoken meaning.
¶15 Election authorities regularly define word to include numbers. In Florida, “[e]ach whole number shall count as a word” when determining the word count for constitutional initiative ballot titles and summaries. FI. Admin. Code IS-2.009(4)(g). In California, the Elections Code provides that “any number consisting of a digit or digits shall be considered as one word. Any number which is spelled, such as ‘one’ shall be considered as a separate word or words. ‘One’ shall be counted as one word whereas ‘one hundred’ shall be counted as two words. ‘100’ shall be counted as one word.” Cal. Elections Code § 1-209(a)(7). Similarly, Oregon defines “words” to include numbers. Or. Admin. R. 165-022-000(c).
¶16 Similarly, other courts have treated numbers as words. Northbrook Digital v. Vendio Services, 625 F. Supp. 2d 728, 733-734 (D. Minn. 2008) (the phrase “Docket 59” constituted two words); Franklin v. Florida, 887 So. 2d 1063, n. 3 (Fla. 2004) (court implicitly accepted the numerical sections of statutes as words); Cook v. Baker, 214 P.2d 787 (Colo. 1950) (the phrase “section 14” constituted two words); Educ. Initiative PAC v. Comm. to Protect Nev. Jobs, 293 P.3d 874(Nev. 2013) (implicitly finding that “Section 501(c)” constitutes two words); and Bendi v. Kulongoski, 902 P.2d 1189 (Or. 1995) (“March 30, *302 1995” is three words).
¶17 At the same time, there is no authority that would either allow or require a construction of § 5-4-102, MCA, that would just ignore all of the statutory citations in LR-127. A person reading the title would naturally read the statutory citations as words. The numeral “13” means and is read as the word “thirteen.” There is no other way to logically apply § 5-4-102, MCA.
¶18 This does not mean that the Legislature may submit to the voters only simple measures that impact few existing statutes. There is no binding authority that specifically requires inclusion of the citation of each amended or repealed statute in the title of a referred measure. While State v. Duncan, 74 Mont. 428, 240 P. 978 (1925) has been cited for this proposition, it is inapposite to the statute at issue here. Duncan was convicted of the unlawful transportation and possession of intoxicating liquor. On appeal he attacked the validity of the statute under which he was charged, arguing that it violated the requirement that legislative bills contain only “one subject.” In deciding that the title of the statute at issue contained only one subject, this Court stated that the title of an amendatory act should refer to the “statute to be amended with sufficient particularity to identify it.” Duncan, 74 Mont. at 436, 240 P. at 980. Duncan is applicable to legislative actions to adopt and amend statutes, and is directed toward legislators who are schooled in the legislative process. It did not involve a matter referred to the people for a vote and did not involve any statute limiting the words in the title of a matter referred to the people for a vote. Listing all affected statutes in the title of a ballot measure is not mandated by law.
¶19 We conclude that each of the statutoiy citations in the title of LR-127 is a “word” for purposes of § 5-4-102, MCA. The Legislature chose to place the 100-word limitation into the statute and must comply with its own law when referring a matter to the people for a vote. Furthermore, the title of LR-127 is not a mere technical violation of the statute, but is substantially in excess of the 100-word limit imposed by the Legislature.
¶20 Finally, the title of LR-127 on its face, is complicated and confusing. The clear purpose of the Legislature’s 100-word limit in § 5-4-102, MCA, as this Court determined in regards to the different word limitation in Bonner, is to insure that voters are not misled or confused by complex titles of the measure in the ballot language. The title of LR-127 lists approximately 100 separate statutes that would be amended and eleven that would be repealed in order to achieve the new *303 proposed primary election system. It would take most persons well-versed in the law a substantial amount of time and study to understand the details and implications of these changes. Unlike the measure in Bonner, the title of a referendum that lists 111 statutes that would be amended or repealed poses a substantial risk of misleading or confusing voters.
¶21 This Court stated many years ago that the “purposes of the ballot are: (1) to inform the voters of the nature and purposes of the measure; and (2) to afford each elector a means of expressing his approval or disapproval.” Sawyer Stores v. Mitchell, 103 Mont. 148, 160, 62 P. 342, 349 (1936). To that end, § 5-4-102, MCA, limits the title of all bills referred by the Legislature to 100 words. The statutory requirement is plain and unambiguous. Legislative enactments must first be interpreted according to the plain meaning of the language in the statute. Sections 1-2-101 and -102, MCA; State v. Incashola, 1998 MT 184, ¶ 11, 289 Mont. 399, 961 P.2d 745.
¶22 The Attorney General conducted a legal review of LR-127 pursuant to § 13-27-315, MCA, and determined that LR-127 did not conflict with another ballot issue and that it was legally sufficient. However, the title of LR-127 does not comply with the plain meaning of the Legislature’s 100-word limit found in § 5-4-102, MCA. Therefore, LR-127 is not legally sufficient. Accordingly,
¶23 IT IS ORDERED that the State of Montana is enjoined from placing LR-127 on the 2014 general election ballot.
¶24 IT IS FURTHER ORDERED that Petitioners’ request for attorney fees is denied.
Dated this 25th day of March, 2014.
/S/ CHIEF JUSTICE McGRATH
/S/JUSTICE COTTER
/S/JUSTICE WHEAT
/S/JUSTICE RICE

 Many of the cases cited by the Dissent regarding this Court’s reticence to entertain pre-election challenges to ballot measures were decided prior to enactment of these provisions and thus provide at best tepid support for a lack of judicial action in this case.

 This legal review determines whether the proposal complies with applicable constitutional and statutory requirements, but does not include consideration of the substantive legality of the provision. Montanans Opposed to 1-166 v. State, 2012 MT 168, ¶ 3, 365 Mont. 520, 285 P.3d 435.

 In considering the word-count issue, this Court did not count the phrase “For [or “Against”] Initiative Measure No. 19” that appeared on the ballot just before the actual title of the measure that was subject to the ten-word limitation. These words were part of the ballot language under a separate directive to allow the voter to check the box on the ballot that reflected his or her vote, and were not a part of the title that was subject to the statutory word-count limitation.

 There were formerly a number of statutes that provided that payment, such aB for published legal notices, would be per “folio.” See e.g. § 18-7-203, MCA.