Argued and submitted May 10, ballot title certified as modified June 11, 1999

Steve DOELL,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General
for the State of Oregon,
*Respondent.*

(SC S46311)

Cathi LAWLER,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General
for the State of Oregon,
*Respondent.*

(SC S46311, S46312)
(Consolidated for Argument and Opinion)

984 P2d 266

John A. Bennett, Portland, argued the cause and filed the petition for petitioner Steve Doell.

Emily Simon, Portland, argued the cause and filed the petition for petitioner Cathi Lawler.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the answering memoranda were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

LEESON, J.

**LEESON, J.**

In these consolidated ballot title review proceedings, petitioner Lawler, a chief sponsor of a proposed initiative measure, and petitioner Doell, an elector, seek review of a ballot title certified by the Attorney General for that proposed measure. Because both petitioners submitted timely written comments on the draft ballot title as provided by ORS 250.067(1), they are entitled to seek this court's review of the certified ballot title. ORS 250.085(2). Our task is to determine whether the Attorney General's certified ballot title complies substantially with the statutory requirements. *See* ORS 250.035(2) (prescribing content of ballot title for statewide measure); ORS 250.085(5) (prescribing standard of review). We conclude that the caption and result statements substantially comply with the statutory requirements but that the summary is insufficient. Accordingly, we modify the summary and certify the ballot title as modified.

In 1994, the voters approved Ballot Measure 11, codified at ORS 137.700 to 137.707. Those statutes impose mandatory minimum sentences for 21 different felony offenses committed by persons 15 years of age or older. The proposed initiative measure at issue here would repeal Measure 11. The proposed initiative measure provides:

"*Section 1*: This Act shall be known as the 'Judicial Discretion Act of 2000.'

"*Section 2*: ORS 135.240(4) and (5), 137.700, 137.705, 137.707, 137.712, 138.222(4)(c) and 419C.067 are repealed.

"*Section 3*: (a) Any person sentenced under any repealed provision of law listed in Section 2 above, shall be resentenced by the Court of conviction in accordance with the Oregon Revised Statutes and the rules of the Oregon Criminal Justice Commission that were in effect on March 31, 1995, unless the person requests not to be resentenced. The Court shall hold the resentencing hearing as soon as practicable after the effective date of this Act, but not later than 90 days, with priority given to those persons who have been incarcerated the longest pursuant to any repealed statute. Any person resentenced under this subsection shall receive credit for any time served.

"(b)   Notwithstanding any other provision of law, any person sentenced under any repealed provision of law listed in Section 2 above, who would have otherwise been within the jurisdiction of the juvenile court and who did not receive a waiver hearing shall be subject to juvenile court jurisdiction, unless waived to a circuit, justice or municipal court of competent jurisdiction pursuant to ORS 419C.340 et seq., and unless the person requests not to be resentenced.

"(c)   Any person charged or convicted of an offense, the sentence for which is dictated by any repealed provision of law listed in Section 2 above, who has not been sentenced as of the effective date of this Act, shall be sentenced in accordance with the Oregon Revised Statutes and the rules of the Oregon Criminal Justice Commission that were in effect on March 31, 1995. Any such person who would have otherwise been within the jurisdiction of the juvenile court, but for a repealed provision of law listed in Section 2 above, shall be subject to juvenile court jurisdiction, unless waived to a circuit, justice or municipal court of competent jurisdiction pursuant to ORS 419C.340 et seq.

"*Section 4*:   Notwithstanding the repeal of [ORS] 137.707, any person who was entitled to a hearing pursuant to [ORS] 420A.200 et seq. 'second look' shall retain the right to such a hearing."

The Attorney General certified the following ballot title for the proposed initiative measure:

"REPEALS MANDATORY MINIMUM SENTENCES FOR CERTAIN FELONIES, REQUIRES RESENTENCING

"RESULT OF 'YES' VOTE:   'Yes' vote repeals mandatory minimum sentences for certain violent and other felonies, requires resentencing.

"RESULT OF 'NO' VOTE:   'No' vote retains mandatory minimum sentences for certain violent and other felonies, maintains existing sentences.

"SUMMARY:   Laws approved in 1994 as 'Measure 11' require minimum sentences for certain violent felonies, conspiracy and attempt to commit certain felonies, committed after April 1, 1995. With limited exceptions, statutes require persons convicted serve full minimum sentence, with no reduction for post-prison supervision, temporary leave. Statutes require persons charged with specified

crimes aged 15 to 17 when crime committed be prosecuted as adults. Measure repeals these statutes, requires persons sentenced under them be resentenced under existing sentencing guidelines which provide possibility of shorter sentences."

Petitioners' challenges require us to examine all three parts of the Attorney General's ballot title—the caption, the "yes" and "no" result statements, and the summary.

## CAPTION

■ ■ The caption reasonably must identify the subject matter of the proposed initiative measure in not more than 10 words, ORS 250.035(2)(a), and it must not give "undue attention to one aspect of the proposed measure at the expense of a full description of the general subject of the measure." *Phillips v. Myers*, 325 Or 221, 226, 936 P2d 964 (1997). If a proposed initiative measure contains more than one subject, all should be reflected in the caption if possible. *See Witt v. Kulongoski*, 319 Or 7, 10 n 3, 872 P2d 14 (1994) (so stating).

Petitioner Doell contends that the Attorney General's caption fails to comply substantially with ORS 250.035(2)(a) because it "does not accurately inform the voters that the chief thrust of this measure is to eliminate mandatory minimum sentences for *violent* offenders." (Emphasis in original.) We reject petitioner Doell's argument for two reasons.

■ First, the text of the proposed initiative measure makes clear that it has two subjects: eliminating statutory mandatory minimum sentences for specified crimes *and* resentencing persons who have received mandatory minimum sentences in accordance with the sentencing guidelines promulgated by the Oregon Criminal Justice Commission. Both of those subjects, if possible, should be reflected in the caption. The Attorney General's caption does so. Petitioner Doell would add the word "violent" to the caption and eliminate reference to the requirement for resentencing, thereby stating only one of the subjects of the proposed initiative.

■ Second, and as we discuss in greater detail below, the proposed initiative measure would repeal mandatory minimum sentences for 21 felonies, only some of which properly can be characterized as violent felonies. It would be inaccurate to state in the caption that the proposed initiative measure would repeal mandatory minimum sentences only for violent felonies.

■ We turn to petitioner Lawler's challenges to the caption. Her first objection is that it excludes the phrase "judicial discretion," relying instead on the phrase "repeals mandatory minimum sentences." She contends that, because the title of the proposed initiative measure is the "Judicial Discretion Act of 2000," the caption must contain the phrase "judicial discretion." Her second objection is to the statement that the proposed initiative measure "requires" resentencing. In her view, the proposed measure merely *permits* resentencing.

■ In determining whether a caption accurately states the subject matter of a proposed initiative measure, we examine the text of the measure itself, not simply the title that its proponents have put on it. *See Peppers v. Myers*, 325 Or 611, 614, 942 P2d 273 (1997) (scope of wording determines subject matter of proposed measure). If the proposed initiative measure at issue in this case were to be approved by the voters, a person who has been sentenced in accordance with Measure 11 would be resentenced in accordance with the Oregon sentencing-guidelines statutes in effect on March 31, 1995, unless that person requests not to be resentenced. The sentencing guidelines would permit the exercise of a limited but greater range of judicial discretion under prescribed circumstances than would the minimum sentences enacted by Measure 11. However, it would be inaccurate for the caption to state, as petitioner Lawler advocates, that, if the voters repealed Measure 11, then judicial discretion would determine criminal sentences. The Attorney General's caption is not inadequate for the first reason asserted by petitioner Lawler.

■ We turn to petitioner Lawler's contention that the proposed initiative measure merely permits resentencing. By its terms, the proposed measure requires resentencing unless

the person declines to be resentenced. It thus would be misleading for the caption to state that the proposed initiative measure permits resentencing.

For the foregoing reasons, we conclude that neither petitioner Doell nor petitioner Lawler has shown that the Attorney General's certified caption fails to comply substantially with the requirements of ORS 250.035(2)(a).

## RESULT STATEMENTS

■ The result statements in a ballot title must be simple and understandable statements of not more than 15 words that describe the result if the proposed initiative measure is approved or rejected. ORS 250.035(2)(b) and (c). Only petitioner Lawler challenges the result statements in the Attorney General's ballot title. She contends that the word "violent" in both the "yes" and "no" result statements is inaccurate and inflammatory and that use of that word "adds a value laden term that is not conducive to a reasoned and fair debate."

This court has held that a ballot title should not use words that "obviously" are argumentative, *Burbidge v. Paulus*, 289 Or 35, 42, 609 P2d 815 (1980), or that would influence the vote by characterizing the proposed measure in a way that essentially takes sides with respect to the measure. *Hamilton v. Myers*, 326 Or 44, 54, 943 P2d 214 (1997). In our view, the word "violent" in this context is used appropriately.

Measure 11 imposes mandatory minimum sentences for 21 crimes, ranging from murder to first-degree sexual abuse. Many of those felonies unquestionably are crimes of violence, such as murder, robbery, rape, kidnaping, and assault. Other felonies for which Measure 11 mandatory minimum sentences are required, such as consensual sexual touching, are not crimes of violence. The proposed initiative measure would repeal Measure 11 sentences for both kinds of felonies. The Attorney General's result statements

accurately state that, if the proposed initiative measure is approved by the voters, then mandatory minimum sentences for "certain violent and other felonies" would be repealed and that, if the proposed initiative measure is rejected, then mandatory minimum sentences for "certain violent and other felonies" would be retained. Those statements are both accurate and reasonably neutral in this context. We conclude that the Attorney General's result statements comply substantially with ORS 250.035(2)(b) and (c).

## SUMMARY

The summary is "[a] concise and impartial statement of not more than 85 words summarizing the measure and its major effect." ORS 250.035(2)(d). Petitioner Doell contends that the Attorney General's summary is inadequate for four reasons. First, he contends that the summary fails to convey the seriousness of the crimes involved, a defect that he contends would be cured by listing some of the crimes for which the proposed initiative measure would repeal mandatory minimum sentences. Second, he contends that the summary fails to inform the voters that the resentencing required by the proposed initiative measure would shorten, substantially, sentences that have been imposed under Measure 11. Third, he argues that the summary fails to inform the voters that crimes of violence committed by juveniles would be returned to juvenile court for adjudication. Finally, he maintains that the structure of the summary is confusing, because its references to "statutes" fail to make clear that the "statutes" referred to are those enacted by Measure 11.

As to petitioner Doell's first argument, providing examples of the felonies for which mandatory minimum sentences would be repealed if the proposed initiative measure were approved by the voters, would have the effect of providing the voters with less information about the result of the proposed initiative measure than the Attorney General's summary provides. The Attorney General's summary explains that, under Measure 11, mandatory minimum sentences are required for "certain violent felonies, conspiracy and attempt to commit certain felonies." The Attorney General's summary explains other aspects of Measure 11, all of

which would be repealed if the proposed initiative measure is approved by the voters. We cannot fault the Attorney General for choosing to provide the more comprehensive explanation. The failure to list examples of particular crimes for which mandatory minimum sentences would be repealed is even less significant because of the statement in the summary that the proposed initiative measure would repeal the imposition of mandatory minimum sentences for "certain violent felonies."

■ We turn to petitioner Doell's other three arguments regarding the Attorney General's summary. The first three sentences of the summary describe sentencing requirements under Measure 11 and explain that persons 15 to 17 years old, who are charged with specified crimes, must be prosecuted as adults. The last sentence explains that the proposed initiative measure would repeal Measure 11 and require resentencing under the sentencing guidelines. In our view, the Attorney General's summary adequately informs the voters that, if they approve the proposed initiative measure, then persons 15 to 17 years old, who are charged with specified crimes, no longer would be prosecuted as adults. We also conclude that the word "statutes" and the phrase "these statutes" in the Attorney General's summary unambiguously refer to the laws that came into effect under Measure 11. Finally, it would not be accurate to state that passage of the proposed initiative measure would "substantially shorten" sentences that have been imposed under Measure 11. As the Attorney General notes, shorter, longer, or identical sentences are possible if persons are resentenced under the sentencing guidelines.

We turn to petitioner Lawler's challenges to the summary. First, she argues that the summary should include the clause, "Measure repeals automatic waiver to adult court," and that, without that clause, "the voters will not be apprised of one of the primary effects of the Measure." Second, she maintains that the last phrase of the summary "possibility of shorter sentences"—is misleading, because it does not disclose other possibilities, namely, imposition of identical or longer sentences.

Petitioner Lawler's first argument is not well taken. As explained above, the Attorney General's summary states that, under Measure 11, persons charged with specified crimes who were 15 to 17 years old when the crimes were committed are prosecuted as adults. The last sentence of the Attorney General's summary states that the proposed initiative measure would repeal the statutes enacted by Measure 11. That is sufficient to explain to the voters that the proposed initiative measure would repeal automatic waiver to adult court of persons who were 15 to 17 years old when the crimes were committed.

Petitioner Lawler's other argument, however, is well taken. The last phrase of the last sentence in the Attorney General's summary—"which provide possibility of shorter sentences"—is misleading. As explained above, identical, longer, or shorter sentences are possible if persons who were sentenced under Measure 11 are resentenced under the sentencing guidelines. In context, the phrase improperly appears to take sides by alerting the voters to only one of several potential consequences if the proposed measure were to become law. Because the last phrase does not disclose the effect of the proposed measure in neutral terms, we conclude that it should be stricken from the Attorney General's summary.

We certify the following ballot title to the Secretary of State:

REPEALS MANDATORY MINIMUM SENTENCES FOR CERTAIN FELONIES, REQUIRES RESENTENCING

RESULT OF "YES" VOTE: "Yes" vote repeals mandatory minimum sentences for certain violent and other felonies, requires resentencing.

RESULT OF "NO" VOTE: "No" vote retains mandatory minimum sentences for certain violent and other felonies, maintains existing sentences.

SUMMARY: Laws approved in 1994 as "Measure 11" require minimum sentences for certain violent felonies, conspiracy and attempt to commit certain felonies, committed after April 1, 1995. With limited exceptions, statutes require persons convicted serve full minimum sentence,

with no reduction for post-prison supervision, temporary leave. Statutes require persons charged with specified crimes aged 15 to 17 when crime committed be prosecuted as adults. Measure repeals these statutes, requires persons sentenced under them be resentenced under existing sentencing guidelines.

Ballot title certified as modified. This decision shall become effective in accordance with ORAP 11.30(10).