Submitted on the petition, answering memorandum, and record April 25, ballot title certified as modified June 8, 2000

Steven NOVICK,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General
for the State of Oregon,
*Respondent.*

(SC S47417)

7 P3d 518

Steven Novick, Portland, filed the petition.

Kaye E. McDonald, Assistant Attorney General, filed the answering memorandum for respondent. With her on the memorandum were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General, Salem.

CARSON, C. J.

Van Hoomissen, J., dissented and filed an opinion.

## CARSON, C. J.

This is a ballot title review proceeding concerning the Attorney General's certified ballot title for a proposed initiative measure, denominated as Initiative Petition 157 (2000). Petitioner is an elector who timely submitted written comments concerning the content of the Attorney General's draft ballot title and who therefore is entitled to seek review in this court. *See* ORS 250.085(2) (setting out that requirement). We review the Attorney General's certified ballot title to determine whether it substantially complies with the requirements of ORS 250.035(2) (1997).[1] *See* ORS 250.085(5) (setting out standard of review). For the reasons that follow, we modify the caption and the result statements of the Attorney General's certified ballot title and certify the modified ballot title to the Secretary of State.

The proposed initiative measure at issue would amend the Oregon Constitution by adding a number of provisions pertaining to "[c]ampaign [f]inance [l]imits." Section (1)(a) of the proposed measure would limit contributions and expenditures by both for-profit corporations and unions to $1,000 per election in support of or in opposition to a candidate or a qualified ballot measure. Section (1)(b) would limit contributions by individuals to $1,000, for every six-month period (beginning January 1), to support or oppose a candidate; however, section (1)(c) provides for unlimited contributions by individuals to support or oppose a ballot measure. Section (1)(d) sets out an exception of sorts to section (1)(a), by providing that a business or industry, but not a union, that would be substantially impacted by passage of a ballot measure could spend unlimited funds "to educate voters regarding

---

[1] The 1999 Legislature amended ORS 250.035(2) in several respects. Or Laws 1999, ch 793, § 1. However, section 3 of that 1999 enactment provides, in part:

"(1) The amendments to ORS 250.035 by section 1 of this 1999 Act do not apply to any ballot title prepared for:

"(a) Any initiative petition that, if filed with the Secretary of State with the required number of signatures of qualified electors, will be submitted to the people at the general election held on the first Tuesday after the first Monday in November 2000[.]"

The proposed measure at issue here is one of those to which the 1999 enactment does not apply. We therefore apply the pertinent provisions of ORS 250.035(2) (1997).

the measure and its impact or potential impact on the business or industry, or on the public," with some limitations on the content of the resulting "educational" material. Section (1)(f)[2] would prohibit deduction from an employee's paycheck of funds to be used for political purposes, without an annually renewed, written authorization from the employee stating the specific purpose for which the funds may be used. Sections (1)(g) and (h) set out disclosure requirements concerning the identity of certain contributors, as well as restrictions preventing the enactment of additional or different disclosure requirements. Section (1)(i) provides that, if not fewer than 80 percent of the contributors to a political committee contributed $250 or less in the year before the election, and if none of the contributed funds were received or collected in violation of section (1)(f), then that committee could contribute or expend up to $10,000 to support or oppose a candidate or a ballot measure. Finally, section (1)(j) is a severability provision.

The Attorney General certified the following ballot title for Initiative Petition 157:

"AMENDS CONSTITUTION: LIMITS CERTAIN CAMPAIGN CONTRIBUTIONS, REQUIRED DISCLOSURES; REGULATES PAYROLL DEDUCTION CONTRIBUTIONS

"RESULT OF 'YES' VOTE: 'Yes' vote limits certain campaign contributions, expenditures; changes, restricts disclosure requirements; regulates payroll deduction contributions.

"RESULT OF 'NO' VOTE: 'No' vote rejects: limiting certain campaign contributions; changing, restricting disclosure requirements; regulating payroll deduction contributions.

"SUMMARY: Amends constitution. Constitution now guarantees right to make unlimited campaign contributions, expenditures; requires certain campaign disclosures; guarantees contribution methods. Measure limits corporate, union, political committee campaign contributions,

---

[2] The proposed measure does not contain a section (1)(e).

expenditures in any election; limits individual contributions, expenditures in candidate elections. Under certain conditions, businesses, but not unions, may expend unlimited amounts to educate voters about ballot measure's impact. Prohibits payroll deductions for political purpose without employee's annual, written authorization specifying purpose. Changes, limits campaign finance disclosure requirements for elections communications, recipients of certain individual contributions. Other provisions."

Petitioner challenges all parts of the Attorney General's certified ballot title.

■    We begin with petitioner's challenge to the caption, which must contain not more than 10 words that "reasonably identif[y] the subject matter" of the proposed measure. ORS 250.035(2)(a) (1997). In petitioner's view, the fundamental subject matter of the proposed measure is the application of *differing* contribution limits to four different groups: (1) individuals (who may contribute unlimited funds to ballot measure campaigns and $1,000 every six months to candidate campaigns); (2) for-profit corporations ($1,000 to ballot measure campaigns and to candidate campaigns, but unlimited amounts, in certain circumstances, to "educate" the public about the potential impact of a proposed ballot measure); (3) unions ($1,000 to each type of campaign, with no exceptions); and (4) non-profit corporations, partnerships, etc. (no limits whatsoever). It follows, petitioner contends, that the Attorney General's caption does not identify that subject matter sufficiently because it does not highlight the fact that different requirements apply to different entities.

The Attorney General responds that the proposed measure would affect three areas of campaign financing, only one of which involves imposing various limits upon campaign contributions and expenditures. The Attorney General points out that the proposed measure also would limit disclosure requirements that may be imposed upon campaign contributions and recipients of individual contributions, and also would prohibit certain payroll deductions without the employee's annual, written consent. In the Attorney General's view, the certified caption completely and impartially identifies those three aspects of the subject matter of the proposed measure, within the 10-word limit prescribed by ORS

250.035(2)(a) (1997). The Attorney General also argues that his use of the word "certain" before the words "campaign contributions" in the certified caption adequately conveys that the proposed measure sets out particular contribution and expenditure requirements for different groups, rather than providing a blanket requirement that applies to all participants in the electoral process.

We agree in part with both petitioner and the Attorney General. The Attorney General is correct that the proposed measure essentially encompasses three types of change relating to campaign financing—contribution and expenditure requirements, disclosure requirements, and contribution by way of employee payroll deduction. As such, all three important aspects of the proposed measure should be included in the caption, if that can be done within the 10-word limit set out in ORS 250.035(2)(a) (1997). *See Doell v. Myers*, 328 Or 635, 639, 984 P2d 266 (1999) (caption must not give undue attention to one aspect of proposed measure at expense of full description of general subject matter of measure).

We agree with petitioner, however, that the certified caption does not convey sufficiently that the proposed measure would create a new system of campaign finance requirements in which the applicability of differing limits and prohibitions governing campaign contributions and expenditures would turn on the status of the contributor. The word "certain" in the Attorney General's caption fails to identify that significant characteristic of the subject matter of the proposed measure.

As noted, the new campaign finance system set out in the proposed measure also would impose new contributor disclosure requirements and prevent or restrict the enactment of any additional or different disclosure requirements. Additionally, the new system would restrict the deduction of funds from an employee's paycheck, by imposing an authorization requirement. We can identify all those aspects of the proposed measure accurately within the 10-word statutory limit, by modifying the caption for Initiative Petition 157 as follows:

## AMENDS CONSTITUTION: CHANGES CAMPAIGN FINANCE REQUIREMENTS AFFECTING VARIOUS CONTRIBUTORS, DISCLOSURES, PAYROLL DEDUCTIONS

Petitioner next challenges the Attorney General's "yes" and "no" vote result statements. The "yes" result statement must contain a "simple and understandable statement of not more than 15 words that describes the result if the * * * measure is approved," ORS 250.035(2)(b) (1997), and the "no" result statement must contain a "simple and understandable statement of not more than 15 words that describes the result if the * * * measure is rejected," ORS 250.035(2)(c) (1997). To the extent practicable, the result statements must be written so that they are parallel. ORS 250.035(3).

■ Petitioner's challenge to the result statements is similar to his challenge to the caption, that is, that the result statements do not convey that the proposed measure would establish different campaign contribution requirements for different entities. As with the caption, the Attorney General responds that his result statements encompass all three major aspects of the proposed measure, to the extent possible, within the 15-word statutory limits set out in ORS 250.035(2)(b) and (c) (1997).

■ For the reasons set out above in relation to the certified caption, we modify the result statements for Initiative Petition 157 as follows:

RESULT OF "YES" VOTE: "Yes" vote changes campaign finance requirements, varying by contributor; limits contributor disclosures; restricts payroll deductions.

RESULT OF "NO" VOTE: "No" vote rejects: campaign finance requirements, varying by contributor; limiting contributor disclosures; restricting payroll deductions.

Finally, petitioner challenges the Attorney General's certified summary, which must contain "[a] concise and impartial statement of not more than 85 words summarizing the measure and its major effect." ORS 250.035(2)(d) (1997). In petitioner's view, the certified summary is deficient, because it does not explain clearly the different campaign

finance requirements for the different entities involved—for example, that a $1,000 limit applies to most entities, but that businesses (but not unions) could spend unlimited funds to "educate" the public on particular ballot measure campaigns. Petitioner also objects to the failure of the certified summary to mention that the proposed measure establishes an "affirmative right" for individuals to make unlimited contributions to ballot measure campaigns. Finally, petitioner contends that the summary should point out that the proposed measure contains no restrictions on contributions by not-for-profit corporations, partnerships, or other entities that do not fall within the definition of "for-profit corporations," "businesses," or "unions," as those terms are used in the measure.

The Attorney General responds that the certified summary accurately informs the voters that the Oregon Constitution currently provides an unlimited right to make campaign contributions, that the proposed measure would affect that right, and how it would do so. He continues that the certified summary also sufficiently describes the proposed, different limitations upon contributions and expenditures by different entities, while also describing the proposed changes concerning contributor disclosure and payroll deduction contributions. In the Attorney General's view, including the specific monetary limits in the 85-word summary would sacrifice necessary words that describe other important parts of the proposed measure.

We conclude that petitioner has not demonstrated that the certified summary fails to substantially comply with ORS 250.035(2)(d) (1997). The certified summary sufficiently explains that the proposed measure would impose different contribution and expenditure limitations upon different entities, while also conveying, at least by implication, that the proposed measure would not limit individual contributions to ballot measure campaigns. The certified summary further clarifies that, in respect of spending to "educate" the public, unions would be treated differently than businesses. Finally, the certified summary also adequately summarizes other important provisions of the proposed measure relating to contributor disclosure and employee payroll deductions.

We certify the following ballot title to the Secretary of State for Initiative Petition 157:

## AMENDS CONSTITUTION: CHANGES CAMPAIGN FINANCE REQUIREMENTS AFFECTING VARIOUS CONTRIBUTORS, DISCLOSURES, PAYROLL DEDUCTIONS

RESULT OF "YES" VOTE: "Yes" vote changes campaign finance requirements, varying by contributor; limits contributor disclosures; restricts payroll deductions.

RESULT OF "NO" VOTE: "No" vote rejects: campaign finance requirements, varying by contributor; limiting contributor disclosures; restricting payroll deductions.

SUMMARY: Amends constitution. Constitution now guarantees right to make unlimited campaign contributions, expenditures; requires certain campaign disclosures; guarantees contribution methods. Measure limits corporate, union, political committee campaign contributions, expenditures in any election; limits individual contributions, expenditures in candidate elections. Under certain conditions, businesses, but not unions, may expend unlimited amounts to educate voters about ballot measure's impact. Prohibits payroll deductions for political purpose without employee's annual, written authorization specifying purpose. Changes, limits campaign finance disclosure requirements for elections communications, recipients of certain individual contributions. Other provisions.

Ballot title certified as modified. This decision shall become effective in accordance with ORAP 11.30(10).

**VAN HOOMISSEN, J.,** dissenting.

I respectfully dissent. In my view, the Attorney General's certified ballot title substantially complies with the requirements of ORS 250.035 (1997). ORS 250.085(5).