S48390 submitted on record July 19; S48391 argued and submitted July 24, ballot title referred to Attorney General for modification August 8, 2001
Modified ballot title certified August 24, 2001 (332 Or 444, 30 P3d 414)

Bill SIZEMORE,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General
for the State of Oregon,
*Respondent.*

(SC S48390)

Tricia BOSAK
and James Sager,
*Petitioners,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent.*

(SC S48391)
(Consolidated for Opinion)

29 P3d 1095

Gregory W. Bryne, Portland, filed the petition for petitioner Sizemore.

Margaret S. Olney, of Smith, Gamson, Diamond & Olney, Portland, argued the cause and filed the petition for petitioners Bosak and Sager.

Janet A. Metcalf, Assistant Attorney General, Salem, argued the cause for respondent. With her on the answering memoranda were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

GILLETTE, J.

## GILLETTE, J.

Petitioners[1] in these two ballot title review proceedings challenge various aspects of the Attorney General's certified ballot title for a proposed initiative measure that has been denominated by the Secretary of State as Initiative Petition 28 (2002). For the reasons that follow, we conclude that the ballot title fails in one respect to comply with the relevant legal standard. We therefore refer the matter to the Attorney General for modification.

The proposed measure would amend the Oregon Constitution by adding a section, the main thrust of which is to eliminate, over a five-year period, most property taxes on primary residences that are owned by persons aged 65 and above. The Attorney General's certified ballot title for the proposed measure is as follows:

> "AMENDS CONSTITUTION: INCREMENTALLY
> REDUCES, THEN WITHIN FIVE YEARS
> ELIMINATES, MOST PROPERTY TAXES
> SENIORS PAY ON PRIMARY RESIDENCE

"RESULT OF 'YES' VOTE: 'Yes' vote first incrementally reduces, then within five years eliminates, most residential property taxes seniors pay; also requires counties to make payments to senior renters.

"RESULT OF 'NO' VOTE: 'No' vote retains current property tax laws; rejects proposal to eliminate within five years most property taxes seniors pay, and to require payments to renters.

"SUMMARY: Amends Oregon Constitution. Current laws tax residential property owners equally, but allow low income seniors to defer property taxes. Measure would eliminate within five years most property taxes on seniors' primary residence. Measure does not affect temporary voter-approved property taxes. Maximum tax reduction is 150 percent of property tax due on average home in same county as taxpayer's primary residence. In first year, seniors 80 and older receive maximum reduction; seniors 65-79 receive 25 percent reduction. By fifth year, seniors 65 and

---

[1] We have consolidated the two proceedings for the purpose of this opinion.

older receive maximum reduction. Measure also would require counties to pay senior renters amount equal to tax reduction they would have received as owners. Measure would reduce revenues available for schools and other government services funded by property taxes. Other provisions."

Petitioners in both proceedings are electors who are dissatisfied with the certified ballot title, who timely submitted written comments respecting the Attorney General's draft ballot title, and who therefore are entitled to bring the present proceedings. ORS 250.085(2).

In case number SC S48390, petitioner Sizemore (who is one of the chief petitioners for the proposed measure) challenges all four aspects of the Attorney General's certified ballot title, *viz.*, the caption,[2] the result statements,[3] and the summary.[4] We have considered each of petitioner's arguments respecting each of the parts of the ballot title and conclude that none is well taken.

In case number SC S48391, petitioners Bosak and Sager challenge only the Attorney General's caption.[5] They argue that the proposed measure has two separate subjects: (1) eliminating most property taxes that senior citizens now pay on their primary residences; and (2) requiring that senior citizens who rent their primary residence be paid by the taxing authority an amount equivalent to the tax reduction that the senior citizens would have received, had they owned their primary residence. The flaw in the Attorney General's caption, petitioners assert, is that it mentions only the first subject of the proposed measure.

---

[2] A ballot title for a state measure shall contain a caption of not more than 15 words that reasonably identifies the subject matter of the measure. ORS 250.035(2)(a).

[3] A ballot title for a state measure shall contain simple and understandable statements not to exceed 25 words that describe the result if the measure is approved or if it is rejected. ORS 250.035(2)(b) and (c).

[4] A ballot title for a state measure shall contain a concise and impartial statement of not more than 125 words that summarizes the measure and its major effect. ORS 250.035(2)(d).

[5] Petitioners also challenged the Attorney General's "no" result statement in their petition, but they withdrew that challenge at oral argument.

The Attorney General responds to the foregoing argument as follows:

"When petitioners advanced that same complaint at the comment stage, it seemed unconvincing. On further reflection, however, we are persuaded that petitioners are right, and that the provision regarding payments to senior renters must be mentioned in the ballot title caption for it to substantially comply. This court has held that '[t]he "subject matter" of a proposed measure may not be reducible to a single phrase: two or more phrases may be required.' *Novick/Sager v. Myers*, 329 Or 11, 16, 986 P2d 1 (1999). * * * This court also has concluded that when the subject matter of a measure is not reducible to a single phrase and when the measure has more than one important aspect, those multiple aspects 'should be included in the caption, if that can be done within the [15]-word limit[.]'" *Novick v. Myers*, 330 Or 351, 356, 7 P3d 518 (2000)."

(Some citations omitted.)

We accept that concession. The caption should, if possible, reflect both subjects in the proposed measure. The memorandum filed by the Attorney General asserts that such a modification would be possible. We conclude, therefore, that the Attorney General's caption does not comply substantially with the requirements of ORS 250.035(2)(a). Under ORS 250.085(8), Or Laws 2001, ch 802, § 2 (House Bill 2213), the ballot title is referred to the Attorney General for modification. *See Flanagan v. Myers*, 332 Or 318, 30 P3d 408 (2001) (explaining procedure under 2001 legislative amendments to ORS 250.085).

Ballot title referred to Attorney General for modification.